**Truong NGUYEN, Appellant,**

v.

**INTERTEX, INC. and Vincent J. Bustamante, Individually and as President of Intertex, Inc., Appellees.**

No. 14–01–00234–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 8, 2002.

Bill R. Gifford, Houston, for appellants.

Richard Petronella, Houston, for appellees.

Panel consists of Justices HUDSON, FOWLER, and EDELMAN.

## OPINION

WANDA McKEE FOWLER, Justice.

This is an appeal from a final judgment denying a bill of review to set aside a default judgment and granting an anti-suit injunction. Although the appeal is brought from a single judgment, five lawsuits are actually in issue, three of which were bills of review and one of which was a suit to set aside a constable sale. The other suit is the original lawsuit from which the first default judgment was entered. For the reasons stated below, we affirm.

## PROCEDURAL BACKGROUND

In cause number 718,614, appellant Truong Nguyen filed a petition for a bill of review to set aside a default judgment entered in cause number 681,891. Cause number 681,891 also happened to be a bill of review. Appellees Intertex, Inc. and Vincent Bustamante answered with a general denial, which was later amended to add a counterclaim and an application for a permanent injunction. On March 20–21, 2000, the county court at law tried Nguyen's bill of review, and, at the conclusion of the trial, the court denied the bill of review without prejudice.[1]

On March 31, 2000, but before the court's order from the bill of review hearing, Nguyen filed a related petition in the 113th District Court of Harris County against appellees.

The court held a hearing on appellees' counterclaim and application for permanent injunction on September 21, 2000. On November 16, 2000, the county court at law signed a final judgment denying Nguyen's bill of review and granting appellees' counterclaim and application for a permanent injunction. Among other things, the court ordered as follows: (1) that the court's judgments in cause numbers 663,-219 and 681,891 were "good, final and subsisting" judgments; and (2) Nguyen was permanently enjoined from filing or maintaining any other lawsuit involving the subject matter of the prior judgments against appellees, in any state court in the United States, without first (1) filing a motion under cause number 718,614 and giving notice to appellees, and (2) obtaining that court's permission to file a suit. The court also ordered Nguyen to either follow the procedure outlined in the final judgment to obtain permission to continue the lawsuit filed in the 113th District Court or dismiss it.

Nguyen appealed the judgment to this court. In his appeal, he raises three issues: (1) the trial court erred in granting the anti-suit injunction; (2) the trial court erred in holding that the judgments in the earlier causes of action were good, valid, and subsisting judgments; and (3) the suit in the district court should be allowed to

---

1. The court signed an interlocutory judgment denying the bill of review on May 9, 2000.

move forward. Appellees, in addition to responding to the appeal, object to documents attached to Nguyen's brief and move for damages for a frivolous appeal.

## FACTUAL BACKGROUND

As mentioned earlier, five lawsuits and two judgments are either directly or tangentially involved in this appeal. However, as we explain below, because of the nature of Nguyen's claims, we need not delve into the details of all five suits or judgments. We will give only a brief summary of what happened in each lawsuit (and, in some cases, not include every event but only the relevant events).

**The First Lawsuit (Cause No. 663,-219):** In 1996, Intertex filed suit for title, possession, and rents on property at 2101 Pasadena Blvd. in Pasadena, Texas. Nguyen did not answer. A default judgment was entered awarding title, possession and rents. Nguyen learned of the judgment in time to file a motion for new trial, which was never ruled on by the judge, and was overruled by operation of law. Even though Nguyen filed a motion for new trial, he did not appeal the judgment.

**The Second Lawsuit (Cause No. 681,-891):** In 1997, about eight months after the first judgment was entered, Nguyen filed a petition for bill of review attacking the first judgment. Intertex filed a counterclaim asking that the first judgment be declared valid, and for additional accrued rents on the property and attorneys fees. Nguyen non-suited his claim, but the counterclaim was tried. Notice of the trial was sent to Nguyen's two lawyers, but neither Nguyen or his lawyers attended the trial. As a result of this trial, a second judgment was entered against Nguyen. Like the first judgment, no appeal was taken from this judgment.

**The Third Lawsuit (Cause No. 712,-585):** More than a year after the second judgment was entered, Nguyen filed a second bill of review attacking the first judgment. Ultimately, this suit was dismissed for want of prosecution.

**The Fourth Lawsuit (Cause No. 718,-614):** The same year (1999) as the third lawsuit, Nguyen filed yet another bill of review, this time attacking the second judgment entered two years earlier. In response, Intertex filed a counterclaim seeking a declaration that the first and second judgments were valid, and requesting an injunction against additional lawsuits. The court held a trial on Nguyen's bill of review, and ultimately denied it. Later, the court held a hearing on Intertex's counterclaim and request for injunctive relief. The court entered a final judgment denying Nguyen's bill of review and granting Intertex's injunctive relief. The court did not file, and Nguyen did not request it to file, findings of fact and conclusions of law.

**The Fifth Lawsuit (Cause No. 2000-16456):** In early 2000, shortly after the bill of review in the fourth lawsuit was tried, but before the trial court entered its final judgment, Nguyen filed one more lawsuit attempting to set aside the constable sale of the same property involved in the first lawsuit. This suit apparently was abated pending this appeal.

## ANALYSIS

### 1. Preliminary Matter; Documents Attached to Appellate Brief

As an initial matter, we begin by addressing appellees' objection to the documents appended to Nguyen's appellate brief, which appellees contend are not part of the appellate record in the present case. With limited exceptions not relevant here, an appellate court may not consider matters outside the appellate record. *Siefkas v. Siefkas*, 902 S.W.2d 72, 74 (Tex.App.El

Paso 1995, no writ). The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered. *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex.App.Dallas 1987, no writ). Because the documents contained in the appendix to appellant's brief were not included in the appellate record, we sustain appellees' objection.

**2. The Attack on the Prior Judgments**

■ A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex.1998). To set aside a judgment by bill of review, the petitioner must ordinarily plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident or wrongful act of his opponent, (3) unmixed with any fault or negligence of his own. *Id.* If the petitioner was not served, constitutional due process relieves him of showing a meritorious defense, he is not required to show that the other party's fraud, accident or wrongful act prevented him from presenting such a defense, and his own want of fault or negligence is established. *Id.* The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point. *Transworld Fin. Serv. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex.1987) (citing *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950)).

■ Although it is an equitable proceeding, the fact that an injustice has occurred is not sufficient to justify relief by bill of review. *Wembley Inv. Co. v. Herr-era*, 11 S.W.3d 924, 927 (Tex.1999) (per curiam). Before filing a bill of review, a person must exercise due diligence to avail himself of all adequate legal remedies against a former judgment. *Caldwell*, 975 S.W.2d at 537. If legal remedies were available but ignored, relief by equitable bill of review is unavailable. *Wembley*, 11 S.W.3d at 927. This applies even if the failure results from the negligence or mistake of a party's attorney. *Gracey v. West*, 422 S.W.2d 913, 916 (Tex.1968); *Thompson v. Henderson*, 45 S.W.3d 283, 288 (Tex.App.-Dallas 2001, pet. denied).

■ In reviewing the grant or denial of a bill of review, every presumption is indulged in favor of the court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion. *Interaction, Inc./State v. State/Interaction, Inc.*, 17 S.W.3d 775, 778 (Tex.App.-Austin 2000, pet. denied). The trial court may be reversed for abusing its discretion only if it has acted in an unreasonable or arbitrary manner, or without reference to any guiding rules and principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). We may not reverse for abuse of discretion merely because we disagree with a decision by the trial court, if that decision was within the trial court's discretionary authority. *See id.* Additionally, because Nguyen did not request, and the trial court did not make, findings of fact and conclusions of law, the judgment of the trial court must be affirmed on any legal theory that finds support in the evidence. *See ˙ EZ Pawn Corp. v. Gonzalez*, 921 S.W.2d 320, 322 (Tex.App.-Corpus Christi 1996, writ denied). In the absence of findings of fact and conclusions of law, the trial court is presumed to have found the necessary facts in support of its judgment if there is any probative evidence to support

such findings. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989).

### a. *Nguyen's Attempted Collateral Attack of First Judgment*

■ The judgment that is the subject of this appeal is the judgment entered in the fourth lawsuit; in it the trial court denied Nguyen's bill of review and granted appellees' counterclaim and application for injunctive relief. In the fourth lawsuit, Nguyen is really attempting to attack the first and the second judgments, which were entered in the first and second lawsuits. With regard to the first judgment, Nguyen contends that the trial court should have granted the bill of review for two reasons. First, Nguyen complains that appellees' pleadings in the first lawsuit were deficient and the judgment in that lawsuit did not conform to the pleadings. Second, Nguyen complains that the first judgment is void because he did not have proper notice or service of the lawsuit. As we understand the argument, Nguyen contends that, because the judgment in the first lawsuit was void, the trial court erred in granting the judgment in the second lawsuit, which includes the finding that the judgment in the first lawsuit was a "good, valid and subsisting" judgment. Nguyen maintains that, because the judgment in the first lawsuit is void, it may be attacked at any time, and therefore he is not required to satisfy the requi-

sites of a bill of review. This is not correct.

The Texas Supreme Court has held several times—although not recently—that when the plenary power of the court rendering the judgment has expired, a bill of review is the exclusive method for attacking a judgment entered in a case in which the court had jurisdictional power to render it.[2] *Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex.1985) (per curiam); *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 710 (1961); *see also* TEX.R. CIV. P. 329b(f). The only exception to this rule is when the court rendering the judgment had no "jurisdictional power" to enter a judgment. *Middleton*, 689 S.W.2d at 213. The court has "defined 'jurisdictional power' in this sense to mean 'jurisdiction over the subject matter, the power to hear and determine cases of the general class to which the particular one belongs.'"[3] *Id.* In fact, in response to a similar claim that a judgment was void and that a motion to vacate it should have been granted, the Supreme Court did not distinguish between a void and a voidable judgment. It held the following:

> We find it unnecessary to decide whether the consent judgment was void or merely voidable. In either instance, a bill of review is the exclusive remedy since the time for an appeal from the ... judgment has expired. The Court of Appeals cites *Freeman v. Freeman*,

---

**2.** This statement by the Court also assumes that the time has also past for a Rule 306a motion and for a restricted appeal. *See* TEX.R. CIV. P. 306a; TEX.R. CIV. P. 30.

**3.** The Texas Supreme Court has used broader language in some cases, including saying that a judgment in which the court does not have personal jurisdiction over the parties is void. *See Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985) (per curiam). However, whenever the court has been directly confronted with a claim that a judgment is void and a collater-

al—not direct—attack has been made, the court has held that the only method of attack after the court's plenary jurisdiction has expired is by bill of review. *Middleton*, 689 S.W.2d at 213; *McEwen*, 345 S.W.2d at 710. In *McEwen*, the court gave two illustrations to explain what it meant by having no jurisdictional power to render a judgment: one illustration involved a county court rendering a divorce decree; the second illustration was of a county court entering a judgment for title to land. *McEwen*, 345 S.W.2d at 709–710.

160 Tex. 148, 327 S.W.2d 428, 433 (1959), and *Glenn W. Casey Constr. v. Citizen's Nat'l Bank,* 611 S.W.2d 695, 701 (Tex. Civ.App.-Tyler 1980, no writ) for the proposition that '[i]f a judgment rendered by a trial court is void, it may be set aside by that court at any time.' We disapprove of this statement.

*Middleton,* 689 S.W.2d at 213 (citations omitted). Thus, all errors other than jurisdictional deficiencies must be corrected on direct attack. *Id.* When time for direct attack by appeal, Rule 306a motion, or a restricted appeal has elapsed, a bill of review in the court rendering the initial judgment is the exclusive remedy to attack the judgment. *Id.;* TEX.R. CIV. P. 306a.

Nguyen's claims—that he was not served and that the pleadings in the first lawsuit were defective—do not fall within the jurisdictional category that the Supreme Court referred to in *Middleton* or *McEwen. Middleton,* 689 S.W.2d at 213–14; *McEwen,* 345 S.W.2d at 709–10. In fact, the Supreme Court specifically held in *McEwen* that even allegations of no service, or defective service, of process do not allege a jurisdictional defect. *McEwen,* 345 S.W.2d at 710. After a certain point in time, a bill of review is the exclusive vehicle to attack a judgment alleged to be void for lack of service. *Id.; accord Middleton,* 689 S.W.2d at 213.

Additionally, as to the defective pleadings, Nguyen is merely claiming that the pleadings failed to allege all of the elements of a petition in trespass to try title action. This is the same type of defect that would be addressed by procedural devices such as special exceptions or a motion for summary judgment. In short, the rules of procedure give litigants ways to deal with these sorts of defects and, in fact, are based on the proposition that the court has jurisdiction to hear these types of cases. TEX.R. CIV. P. 91; TEX.R. CIV. P.

166a. Likewise, the assertion that the judgment in the first lawsuit is "invalid" because it failed to conform to the pleadings is not a jurisdictional defect. The pleadings would already have invoked the court's jurisdiction. That sort of defect could lead to a reversal of the judgment, but it would not make the judgment void for the court's lack of jurisdiction. These types of defects do not deprive the court of its jurisdiction.

In summary, Nguyen's claim that the first judgment was void and can be attacked collaterally has no support in the case law or rules and we overrule it.

**b.  *Direct Attack of First Judgment***

■■■■■ Since Nguyen is not entitled to raise a collateral attack on the first judgment, he must succeed, if at all, in the bill of review action. When Nguyen discovered the default judgment in the first lawsuit, he contacted attorney Hai Nguyen, who timely filed a motion for new trial. However, the motion was overruled by operation of law when Hai Nguyen failed to set the motion for hearing and obtain a ruling prior to the expiration of the trial court's plenary power. Nguyen could have, but did not, appeal the default judgment. Instead, Nguyen waited over six months to file the second lawsuit, the bill of review attacking the judgment in the first lawsuit. A party who permits a judgment to become final without appealing it cannot seek relief by bill of review without providing an adequate explanation for the failure to appeal. *French v. Brown,* 424 S.W.2d 893, 895 (Tex.1967). Here, Nguyen offers no explanation for his attorney's failure to pursue an appeal. A client is bound by the acts of his attorney, and attorney negligence is not a sufficient ground to support a bill of review. *Gracey v. West,* 422 S.W.2d at 916; *Nichols v. Jack Eckerd Corp.,* 908 S.W.2d 5, 9 (Tex. App.-Houston [1st Dist.] 1995, no writ).

Therefore, in the fourth lawsuit, Nguyen is not entitled to reopen the matters at issue in the first lawsuit.

### c. *Direct Attack of Second Judgment*

■ We now turn to the merits of Nguyen's bill of review attacking the judgment in the second lawsuit. In his pleading, Nguyen alleged that he was prevented from appearing and asserting a meritorious defense at the trial of appellees' counterclaim because he did not get notice of the trial and the counterclaim was brought by an improper party. Nguyen also claimed that he was not negligent or at fault in his failure to appear, because his lead attorney was not given notice of the trial setting or the default judgment until it was too late to appeal. On appeal, however, Nguyen offers no evidence or argument in support of these contentions.

As noted above, in order to succeed on his bill of review, Nguyen was required to prove that he exercised due diligence in pursing all adequate legal remedies against the judgment for appellees and, through no fault of his own, was prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the appellees. *See Wembley,* 11 S.W.3d at 927. Nguyen's bill of review requested relief primarily based on the contention that he was prevented from asserting a meritorious defense because he did not receive notice of the trial of Intertex's counterclaim or the default judgment. He did not allege any specific acts of wrongdoing on the part of appellees that prevented him from receiving notice.

At the trial on the bill of review, attorney Hai Nguyen contended that he did not receive notice of appellees' counterclaim, and he also testified that he believed the case had been resolved by settlement. However, his own actions belie this claim, for he non-suited Nguyen's claims while specifically stating in the nonsuit that it did not include Intertex's counterclaims. Further, counsel for Intertex testified that he faxed a copy of Intertex's counterclaim to Hai Nguyen, and he introduced fax sheets confirming receipt. Hai Nguyen also testified that he did not receive notice of the trial setting, but this also was contradicted by the evidence. It included two notices of the trial setting issued by the court clerk, one directed to Hai Nguyen and one directed to D. Craig Hughes, both of whom had appeared as counsel of record for Nguyen. Intertex's counsel testified that he also forwarded a copy of the trial setting notice to Hai Nguyen and Hughes by certified mail, and that his records confirmed that Hughes received the notice. Nevertheless, neither appellant Nguyen nor his attorneys appeared for trial. There was also evidence that Intertex's counsel forwarded both the proposed final judgment and the signed final judgment in the second lawsuit to Hai Nguyen and Hughes, but no further action was taken until Nguyen, represented by attorney Gifford, filed the bill of review at issue here.

As previously stated, notice to Nguyen's attorneys was notice to him; therefore, any assertion that Nguyen himself did not have notice of the counterclaim, the trial setting, or the final judgment is without merit. Given the foregoing evidence, the trial court could reasonably conclude that Nguyen could not prove (1) that he was prevented from asserting a meritorious defense by the fraud, accident or wrongful act of appellees, or (2) that he was not at fault for failing to appear for trial.

In addition, the trial court could have determined that Nguyen's counsel failed to exercise due diligence in pursuing all available legal remedies once he had knowledge of the default judgment in the second lawsuit because he failed to file either a mo-

tion to extend the court's plenary power under Texas Rule of Civil Procedure 306a(4) or a restricted appeal under Texas Rule of Appellate Procedure 26.1(c). The final default judgment in the second lawsuit was signed by the trial court on November 19, 1998. At the trial on the bill of review, Nguyen's counsel, Gifford, testified that he learned of the judgment in the second lawsuit in February of 1999, several days before he filed the third lawsuit, the bill of review in the first lawsuit. He filed the third lawsuit on February 12, 1999, within 90 days of the date the judgment in the second lawsuit was signed, but did not file the bill of review attacking the judgment in the second lawsuit (the fourth lawsuit) until June 23, 1999, over seven months after the judgment was signed. Gifford testified that, at the time, he believed a bill of review was his only option in the second lawsuit based upon Texas Rule of Civil Procedure 329b. However, he admitted that, having read Rule 306a, he could have filed a motion for leave to file a motion for new trial under that rule. Gifford also had six months after the date the default judgment was signed to pursue a restricted appeal under Texas Rule of Appellate Procedure 26.1(c), but he did not do so, even though he had approximately three months after he acquired actual knowledge of the judgment in which he could have done so. Because Nguyen failed to file either a motion to extend the trial court's plenary power or a restricted appeal, he failed to exercise due diligence and is not entitled to an equitable bill of review in this instance. See *Thompson,* 45 S.W.3d at 290; *Nichols,* 908 S.W.2d at 9.

Accordingly, we overrule Nguyen's second issue and hold that the trial court did not abuse its discretion in denying Nguyen's bill of review.

### 3. The Anti-suit Injunction

In his first and third issues, Nguyen complains that the trial court erred in granting a permanent injunction prohibiting Nguyen from filing or maintaining any lawsuit in any state court, including the lawsuit pending in the 113th District Court, without first obtaining the trial court's consent after notice to appellees and a hearing. The pertinent part of the judgment is set out below:

At the conclusion of all matters, after considering the evidence, the pleadings and the arguments of counsel, the Court finds that TRUONG NGUYEN A/K/A TRUONG NGUYEN has filed a multiplicity of suits involving the same subject matter, that VINCENT BUSTAMANTE and INTERTEX, INC. will be irreparably harmed by the multiplicity of lawsuits because they are vexatious and harassing and that there is no adequate remedy at law and that the Counterclaim and Application for Permanent Injunction should be granted. It is therefore

ORDERED, ADJUDGED AND DECREED that on those issues of law or fact that were tried and resolved in this Court under Cause Numbers 663219 and 681891 and the property that is described in the attached Exhibit "A" that TRUONG NGUYEN A/K/A TRUONG NGUYEN, and TRUONG NGUYEN A/K/A TRUONG NGUYEN's attorneys, agents, servants or employees with actual knowledge of this Final Judgment are permanently enjoined from filing, pursuing, filing pleadings in, sending discovery in or otherwise maintaining any lawsuit in any state court in Texas or in any state court in the United States of America, against VINCENT BUSTAMANTE and INTERTEX, INC., or their respective successors and assigns, without first filing a motion with this Court under Cause Number 718614, seeking and then obtaining permission

by a written order of the Court signed by the Judge of this Court, with service of such motion having been served on VINCENT BUSTAMANTE and INTERTEX, INC., and their attorney of record in this cause, by personal service of citation, no later than 15 days before any such hearing.

Nguyen contends that (1) the application for injunctive relief was not supported by a proper affidavit because it was merely verified by appellees' counsel and was conclusory in violation of Texas Rule of Civil Procedure 682, (2) appellees failed to plead a cause of action, that harm was imminent, or that they would suffer irreparable injury, (3) it was not shown that Nguyen would engage in the activity enjoined, (4) appellees have a plain and adequate remedy at law, (5) appellees were not entitled to equitable relief because they have unclean hands, and (6) the injunction did not describe in reasonable detail the acts to be restrained.

An anti-suit injunction is appropriate in four instances: (1) to address a threat to the court's jurisdiction; (2) to prevent the evasion of important public policy; (3) to prevent a multiplicity of suits; or (4) to protect a party from vexatious or harassing litigation. *Golden Rule Ins. Co. v. Harper*, 925 S.W.2d 649, 651 (Tex.1996) (per curiam). It is well-recognized that Texas state courts have the power to restrain persons from proceeding with suits filed in other courts of this state. *Gannon v. Payne*, 706 S.W.2d 304, 305 (Tex.1986). When a suit is filed in a court of competent jurisdiction, that court is entitled to proceed to judgment and may protect its jurisdiction by enjoining the parties to a suit subsequently filed in another court of this state. *Id.* at 305–06. Further, Texas courts are empowered to issue injunctions to prevent parties from going forward with litigation in a sister

state. *Christensen v. Integrity Ins. Co.*, 719 S.W.2d 161, 163 (Tex.1986). The principle of comity, however, requires that courts exercise this equitable power sparingly, and only in very special circumstances. *Id.* The party seeking to enjoin an out-of-state lawsuit must show that a clear equity demands the injunction. *Id.*

A trial court's issuance of an anti-suit injunction is reviewed under an abuse of discretion standard. *See id.* at 305. In reviewing the trial court's order, we are to draw inferences from the evidence in the manner most favorable to the trial court's ruling. *Bridas Corp. v. Unocal Corp.*, 16 S.W.3d 887, 891 (Tex.App.-Houston [14th Dist.] 2000, pet. dism'd w.o.j.).

We first address, and reject, Nguyen's argument that the counterclaim for injunctive relief was not supported by a proper affidavit. Here, an evidentiary hearing was held on appellees' counterclaim and application for permanent injunction at which attorney Gifford represented Nguyen. A verified petition for injunctive relief is not required to obtain a permanent injunction when a full evidentiary hearing on evidence has been held. *Georgiades v. Di Ferrante*, 871 S.W.2d 878, 882 (Tex.App.-Houston [14th Dist.] 1994, writ denied). The reason for not requiring literal compliance with Rule 682 is that the writ of injunction is not granted upon the averments of the petition alone, but upon sworn and competent evidence admitted at a full hearing. *Atkinson v. Arnold*, 893 S.W.2d 294, 297 (Tex.App.-Texarkana 1995, no writ).

Nguyen's remaining arguments attacking the pleading and proof supporting the anti-suit injunction consist of one- or two-line statements unsupported by analysis or citation to the record, and they are not directed to overcoming the abuse

of discretion standard. Further, none of the cases Nguyen cites involve anti-suit injunctions; they merely stand for general principles of law relating to temporary injunctions that Nguyen fails to apply to the facts of this case. We do not find these arguments meritorious.

Here, the trial court's anti-suit injunction appears to be based on two of the recognized categories in which anti-suit injunctions are appropriate—the prevention of a multiplicity of suits and protection from vexatious or harassing litigation. The evidence demonstrates that Nguyen repeatedly filed bills of review relating back to the original judgment and constable's sale, and even filed the fifth lawsuit during the proceedings in the fourth lawsuit. Appellees were required to answer and defend these repetitive bills of review to defend the judgment obtained in the first lawsuit in which Intertex was awarded title to the property at 2101 Pasadena Boulevard. Based on our review of the record, we cannot conclude that the trial court abused its discretion in finding that the anti-suit injunction was warranted.

We also reject Nguyen's argument that the anti-suit injunction does not describe in reasonable detail the acts to be restrained. In his argument, Nguyen appears to contend that the order requires that he address the lawsuit in the 113th District Court prior to filing further actions. However, we do not read the order to have any such requirement. The injunction is contained in one paragraph setting forth the requirements that Nguyen must satisfy before he may file or maintain any other lawsuits. The trial court's order with respect to the pending lawsuit in the 113th District Court is set out in a separate paragraph at the end of the order, and merely provides that, within 15 days after the order is final, Nguyen shall either (1) file a motion with the trial court in the manner provided in the injunction portion of the order concerning the lawsuit in the 113th District Court, or (2) dismiss the lawsuit.

Further, we reject Nguyen's contention that the fifth lawsuit, the lawsuit in the 113th District Court, should not be subject to the injunction because the other lawsuits did not put in issue the claim for wrongful foreclosure on the property at 2101 Pasadena Boulevard. The injunction does not absolutely prohibit Nguyen from pursuing the lawsuit, it merely requires that he file a motion in the county court to obtain the court's permission to proceed after notice to appellees and a hearing. Nguyen will have an opportunity to demonstrate that the fifth lawsuit involves different issues of law or fact that were not tried or resolved in the other lawsuits, if, in fact, that is the case. Given Nguyen's history of repetitive bills of review, we do not find this portion of the trial court's order an abuse of discretion.

## 4. Appellees' Motion for Damages for Frivolous Appeal

Finally, appellees moved for damages for a frivolous appeal under Texas Rule of Appellate Procedure 45, contending that Nguyen has no reasonable expectation that the trial court's judgment will be reversed, and that the appeal has not been pursued in good faith. Appellees assert as grounds that (1) Nguyen is attempting to relitigate the same issues determined in the first lawsuit and the second lawsuit, and (2) the appeal was filed in bad faith because Nguyen's attorney, Gifford, has actual knowledge that due diligence was not exercised.

Whether to grant sanctions is a matter of discretion, which we exercise with prudence, caution, and after careful deliberation. *See Rios v. Northwestern Steel and Wire Co.*, 974 S.W.2d 932, 936

(Tex.App.-Houston [14th Dist.] 1998, no pet.). We consider the case from the viewpoint of the advocate and determine whether he had reasonable grounds to believe the judgment should be reversed. *See Id.* While we admonish Nguyen's counsel to thoroughly research and present its arguments in any future appeals, we do not find that the appeal itself was pursued in bad faith. We agree that Nguyen is attempting to relitigate issues already determined, and that Nguyen's lawyer should know that due diligence was not used. However, one area involved in this appeal can be confusing, and that is case law discussing void and voidable judgments. This is in part because of language in older opinions that a void judgment can be set aside at any time. *See Deen v. Kirk,* 508 S.W.2d 70, 71–72 (Tex.1974) (court acknowledged language in cases stating that a judgment void for lack of service could be set aside at any time); *Middleton,* 689 S.W.2d at 213 (same). In addition, some courts have used broader language to describe what constitutes a void judgment. *See, e.g., Browning v. Placke,* 698 S.W.2d at 363 (stating that a judgment is void only when it is shown "that the court had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court."). We therefore deny appellees' motion.

### SUMMARY

In summary, we hold that the trial court did not abuse its discretion when it denied the bill of review, and that it did not abuse its discretion in granting an anti-injunction, and we overrule all of Nguyen's issues. We also deny appellees' motion for damages for frivolous appeal. The judgment of the trial court is affirmed.