Affirmed and Memorandum Opinion filed July 20, 2004









Affirmed and Memorandum Opinion filed July 20, 2004.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00807-CV

____________

 

SARAMMA THOTTUMKAL, Appellant

 

V.

 

LARRY P. MCDOUGAL, Appellee

 



 

On Appeal from the County
Court at Law Number 3

Fort Bend County, Texas

Trial Court Cause No. 18483B

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court=s denial of
appellant Saramma Thottumkal=s petition for a
bill of review to set aside a summary judgment granted against her in favor of
appellee Larry P. McDougal.  In three
points of error, Thottumkal complains that the trial court erred in denying a
hearing on her petition for bill of review and erred in dismissing her
petition.  We affirm.








McDougal, an attorney, filed a suit for
collection against Thottumkal arising from services provided to her son.[1]  The trial court held a summary judgment
hearing in which  Thottumkal was not
present, although her husband attempted to act on her behalf.  At the summary judgment hearing, the trial
court granted McDougal=s motion and told Thottumkal=s husband that she
should hire an attorney.  She did so, and
about two months later, her counsel filed a motion for reconsideration and to
set aside the summary judgment.  The
written judgment was issued a few days later.[2]  Though the trial court=s records show
that notice of the judgment was sent to Thottumkal, Thottumkal claims to have
had no notice of it until she was served with a petition for writ of
garnishment over a year later.  She then
hired another attorney, who contested the garnishment and filed a petition for
bill of review to set aside the summary judgment.  The trial court granted McDougal=s motion to
dismiss Thottumkal=s petition for bill of review, and Thottumkal
now appeals that decision.

A bill of review is an equitable
proceeding brought by a party seeking to set aside a prior judgment that is no
longer subject to challenge by a motion for new trial or appeal.  Caldwell v. Barnes, 975 S.W.2d 535,
537 (Tex. 1998); Nguyen v. Intertex, Inc., 93 S.W.3d 288, 293 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  Its purpose is to
cure manifest injustice.  French v.
Brown, 424 S.W.2d 893, 895 (Tex. 1967). 
If legal remedies were available but ignored, whether by Thottumkal or
her attorney, relief by equitable bill of review is not available.  Nguyen, 93 S.W.3d at 293.  








To prevail on a bill of review, the party
seeking relief must ordinarily plead and prove (1) a meritorious defense to the
cause of action that supports the judgment, (2) that she was prevented from
making by the fraud, accident, or wrongful act by the opposing party, (3)
unmixed with any fault or negligence of her own.  Caldwell, 975 S.W.2d at 537; Nguyen,
93 S.W.3d at 293.  A party=s failure to make
reasonable inquiries regarding pending litigation is a failure to exercise due
diligence, and without the showing of such diligence, a bill of review will
fail since a party seeking relief will not be able to prove lack of negligence
in allowing the judgment to become final. 
In re A.L.H.C., 49 S.W.3d 911, 916 (Tex. App.CDallas 2001, pet.
denied); Conrad v. Orellana, 661 S.W.2d 309, 313 (Tex. App.CCorpus Christi
1983, no writ).  This applies even if the
failure results from the negligence or mistake of a party=s attorney.  Nguyen, 93 S.W.3d at 293.

The grounds upon which a bill of review
can be obtained are narrow because the procedure conflicts with the fundamental
policy that judgments must become final at some point.  Transworld Fin. Servs. Corp. v. Briscoe,
722 S.W.2d 407, 407 (Tex. 1987).  In
reviewing the grant or denial of a bill of review, every presumption is
indulged in favor of the court=s ruling, which
will not be disturbed unless it is affirmatively shown that there was an abuse
of judicial discretion.  Nguyen,
93 S.W.3d at 293.








In her second point of error, Thottumkal
complains that the trial court erred in dismissing her petition for bill of
review.  The trial court determined that
Thottumkal, either personally or through her first attorney, was negligent in
failing to use due diligence in pursuing legal remedies to challenge the
summary judgment against her.  Assuming
Thottumkal=s motion for reconsideration and to set
aside the summary judgment operated as a motion for new trial, it must have
been ruled on within 75 days or it was overruled by operation of law.  Tex.
R. Civ. P. 329b.  Thottumkal
claims that her first attorney tried four times in the six weeks after filing
her motion to have the motion set for hearing but the court coordinator failed
to return her calls to schedule it.  Even
if those facts are true,[3]
that does not establish due diligence. 
After her last attempt to contact the court coordinator to set a
hearing, Thottumkal and her attorney apparently ignored the matter for nearly a
year until Thottumkal was served with a garnishment notice.  Thottumkal knew that the trial court had
ruled against her, as evidenced by the motion for reconsideration she filed,
and it was her burden to pursue all legal remedies available to challenge the
judgment, including filing a notice of appeal. 
Even if, contrary to the court=s records,
Thottumkal did not receive notice of the actual judgment, she had a duty to
make reasonable inquiries regarding her litigation.[4]  In re A.L.H.C., 49 S.W.3d at 916; Conrad,
661 S.W.2d at 313.  The record shows that
no inquiries were made from the final attempt to set a hearing until
after notice of the garnishment nearly a year later.  The trial court did not abuse its discretion
in determining that appellant failed to exercise due diligence in pursuing all
legal remedies available to her.[5]  We overrule Thottumkal=s second point of
error.

In her first point of error, Thottumkal
complains that the trial court erred Ain not allowing@ her a bill of
review hearing before ruling on McDougal=s motion to
dismiss.  The face of the record,
however, belies this claim.  Thottumkal
was given a full and fair opportunity, both through briefing and in the hearing,
to persuade the trial court of her position. 
Thottumkal complains that the trial court judge told the parties how he
intended to rule before she presented her case, which Aamounts to no
hearing at all.@  We
disagree.  At the hearing, the trial
court accepted oral argument from counsel in addition to testimony from four
witnesses.  That the trial court judge
was not persuaded to change his mind afterwards does not vitiate the hearing
she was given.  We overrule Thottumkal=s first point of
error.

 








Having determined that the trial court did
not err in denying Thottumkal=s petition for a bill
of review, we affirm the trial court=s judgment.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed July 20, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

 

 

 

 

 

 

 

 











[1]  The parties
provided the record of the bill of review proceedings but not the underlying
proceedings.  However, we accept as true
the facts regarding those proceedings as stated in the briefs.  Tex.
R. App. P. 38.1(f).





[2]  The motion was
deemed filed on the date of the judgment. 
Tex. R. Civ. P. 306c.





[3]  The court
coordinator testified at the bill of review hearing that she and Thottumkal=s attorney exchanged several telephone messages but
that she did not recall actually speaking with the attorney or receiving a
request to set a hearing.  The trial
court judge noted that the court file shows no attempt to set a hearing.





[4]  The Rules
provide some protection to parties having no notice of a judgment, but they
also presume some diligence in inquiring about a case within a reasonable time.
See Tex. R.
Civ. P. 306a (lack of
notice of judgment or other appealable order extends trial court=s plenary power by no more than 90 days); Tex. R. App. P. 4.2 (lack of notice of
judgment or other appealable order extends deadlines under appellate rules by
no more than 90 days).





[5]  In her third
point of error, Thottumkal asserts that the trial court erred in not vacating
the judgment because McDougal=s evidence was insufficient and fraudulent.  This is but another way of asserting that she
had a meritorious defense.  Since we have
already determined that Thottumkal was not entitled to a bill of review because
of her negligence, we need not reach this point.