NUMBER 13-00-611-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 

RICHARD H. PARKER, JR.,                                                         Appellant,

v.

DONALD M. LANCON,                                                                  Appellee.




On appeal from the 151st District Court
of Harris County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Hinojosa and Castillo
                              Opinion by Chief Justice Valdez
          Appellant, Richard H. Parker, Jr., appeals a judgment denying his bill of review
and, alternatively, motion to set aside a void judgment. We affirm the judgment
below.
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for the decision. See Tex. R. App. P. 47.4. Moreover,
we note that the underlying matter has been extensively and repeatedly addressed in
the trial court, in two different bankruptcy proceedings, and in another appellate court. 
See, e.g., Parker v. Lancon, No. 14-01-00367-CV, 2002 Tex. App. LEXIS 3671 (Tex.
App.–Houston [14th Dist.] May 23, 2002, pet. denied) (not designated for
publication); Parker v. Lancon, No. 14-00-01497-CV, 2002 Tex. App. LEXIS 1037
(Tex. App.–Houston [14th Dist.] Feb. 7, 2002, pet. denied) (not designated for
publication); Parker v. Lancon, No. 14-00-01497-CV, 2001 Tex. App. LEXIS 5203
(Tex. App.–Houston [14th Dist.] Aug. 2, 2001, pet. denied) (not designated for
publication); Parker v. Lancon, No. 14-96-01132-CV; 1998 Tex. App. LEXIS 1567
(Tex. App.–Houston [14th Dist.] Mar. 12, 1998, pet. denied) (not designated for
publication); Parker v. Lancon, No. A14-95-00061-CV, 1995 Tex. App. LEXIS 346
(Tex. App.–Houston [14th Dist.] Feb. 23, 1995, no pet.) (not designated for
publication). 
         In this particular proceeding, appellant raises two issues on appeal. In his first
issue, he argues that he is entitled to a new trial on grounds that the exhibits for the
proceeding below have been lost. Appellant also raises this issue in a motion to
reverse and remand for a new trial based on a lost record. The appellate rules provide
that an appellant is entitled to a new trial under the following circumstances:
(1) if the appellant has timely requested a reporter’s record;
 
(2)if, without the appellant’s fault, a significant exhibit or a significant
portion of the court reporter’s notes and records has been lost or
destroyed or – if the proceedings were electronically recorded – a
significant portion of the recording has been lost or destroyed or
is inaudible;
 
(3)if the lost, destroyed, or inaudible portion of the reporter’s record,
or the lost and destroyed exhibit, is necessary to the appeal’s
resolution; and
 
(4)if the lost, destroyed, or inaudible portion of the reporter’s record
cannot be replaced by agreement of the parties, or the lost or
destroyed exhibit cannot be replaced either by agreement of the
parties or with a copy determined by the trial court to accurately
duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f). We cannot agree with appellant’s contention. The record fails
to establish that appellant timely requested the reporter’s record or that the lost
exhibits are necessary to the appeal’s resolution. While appellant’s motion for new
trial contains appellant’s requests to the court reporters to locate certain unidentified
missing exhibits, the appellate record itself contains neither these requests nor an 
initial and timely request for preparation of the appellate record. While appellant
contends generally that the “lost” exhibits are necessary to the resolution of the
appeal, appellant fails to describe the missing exhibits or explain how the exhibits are
necessary to the appeal.


 The appellant has the burden of establishing that the
missing portion of the record is “necessary to the resolution of the appeal.” See
Palmer v. Espey Huton & Assocs., 84 S.W.3d 345, 352 (Tex. App.–Corpus Christi
2002, pet. denied); see also Gaston v. State, 63 S.W.3d 893, 899 (Tex. App.–Dallas
2001, no pet.) (citing Isaac v. State, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999)). 
Under these circumstances, we cannot conclude that appellant has shown that he is
entitled to a new trial. Appellant’s motion to reverse and remand is denied, and
appellant’s first issue is overruled.
         In his second issue, appellant argues, without offering any support, that the trial
court’s judgment was rendered in violation of an automatic stay imposed by a 
bankruptcy proceeding. We agree with the general proposition that an action taken
in violation of an automatic stay is void, Cont’l Casing Corp. v. Samedan Oil Corp.,
751 S.W.2d 499, 501 (Tex. 1988), and we further agree that, after the time for
appeal has expired, such an action may be attacked through a bill of review
proceeding. See Nguyen v. Intertex, Inc., 93 S.W.3d 288, 295 (Tex. App.–Houston
[14th Dist.] 2002, no pet.) However, we nevertheless conclude that appellant’s
argument must fail. First, appellant’s brief fails to contain a clear and concise
argument for the contentions made, with appropriate citations to authorities and to the
record. See Tex. R. App. P. 38.1. Consequently, appellant has failed to establish as
a matter of law his bold contention that the judgment at issue is void. Second, the
statements in appellant’s brief themselves belie the argument raised. Although
appellant contends that the bankruptcy filed on September 9, 1990, by Roy Bert
Robinson divested the trial court of jurisdiction over Lancon’s claims, appellant also
inconsistently claims that the trial court below lost plenary power on August 11,
1989. Most significantly, appellant has failed to exercise due diligence to avail himself
of all adequate legal remedies and thus fails to meet the requirements for a bill of
review proceeding. See Nguyen, 93 S.W.3d at 293. Accordingly, appellant’s second
issue is overruled.
         The judgment of the trial court is affirmed.
              
    
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 
Opinion delivered and filed
this 12th day of August, 2004.