MCCULLOUGH V. FERRELL

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-115-CV

TAMMERA A. MCCULLOUGH AND APPELLANTS

JASON MCCULLOUGH

V.

RANDALL L. FERRELL AND KATHY J. FERRELL APPELLEES

------------

FROM THE COUNTY COURT AT LAW OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants Tammera A. McCullough and Jason McCullough appeal from a temporary injunction issued in favor of Appellees Randall L. Ferrell and Kathy J. Ferrell.  We dissolve the temporary injunction.

The Ferrells sued the McCulloughs for allegedly violating a restrictive covenant of the Parker County subdivision where the  parties reside.  According to the Ferrells’ verified petition, the McCulloughs violated a restrictive covenant that prohibits residents from maintaining more than one head of livestock per acre of land.  The trial court issued a temporary injunction on March 2, 2005 prohibiting the McCulloughs from violating the restrictive covenant.
(footnote: 2)  The McCulloughs filed this interlocutory appeal.  In two issues, the McCulloughs argue (1) that the trial court abused its discretion in granting the temporary injunction because the McCulloughs and other subdivision property owners amended the restrictive covenant to allow more livestock per acre and (2) that the trial court abused its discretion by issuing the injunction because the Ferrells “failed to offer any evidence to support the trial court’s decision.”  We agree with the McCullough’s second issue.

An applicant for a temporary injunction seeks extraordinary equitable relief.  
In re Tex. Natural Res. Conservation Comm’n
, 85 S.W.3d 201, 204 (Tex. 2002).  
The applicant has the burden of offering some evidence that establishes a probable right of recovery.  
Id.  
While a temporary restraining order may issue on a sworn petition, a temporary injunction requires evidence.  
Millwrights Local Union No. 2484 v. Rust Eng’g Co.,
 433 S.W.2d 683, 685-87 (Tex. 1968); 
see also Alert Synteks, Inc. v. Jerry Spencer, L.P.
, 151 S.W.3d 246, 253 (Tex. App.—Tyler 2004, no pet.) (holding sworn petition does not constitute evidence that will support a temporary injunction).
  “Writs of injunction should not issue on mere surmise.”  
Camp v. Shannon
, 348 S.W.2d 517, 519 (Tex. 1961).

Whether to grant or deny a temporary injunction is within the trial court’s sound discretion.  
Butnaru v. Ford Motor Co., 
84 S.W.3d 198, 204 (Tex. 2002).  A reviewing court should reverse an order granting injunctive relief only if the trial court abused that discretion.  
Id
.  The reviewing court must not substitute its judgment for the trial court’s judgment unless the trial court’s action was so arbitrary that it exceeded the bounds of reasonable discretion.  
Id.

The record before us contains the Ferrells’ verified petition, to which are attached several unauthenticated exhibits and certified copies of the warranty deed and deed of trust pertaining to the McCulloughs’ property.
(footnote: 3)  The Ferrells state that the trial court conducted a hearing on their application for temporary injunction on June 10, 2004, but we find no reporter’s record, exhibits, docket sheet, order, or anything else in the record to show that the hearing occurred or what evidence was presented to the court.
(footnote: 4)  There is no record of the February 24, 2005 telephone conference.

We are bound to decide this case on the record as filed.  
See Nguyen v. Intertex, Inc.
, 93 S.W.3d 288, 292-93 (Tex. App.—Houston [14th Dist.] 2002, no pet.).
 
 The scant record is devoid of evidence.  
See 
In re Tex. Natural Res. Conservation Comm’n
, 85 S.W.3d at 204.  In the absence of a record reflecting any evidence on which the trial court might have relied, we can only conclude that the trial court abused its discretion by issuing the injunction.

The Ferrells argue that the McCulloughs waived their right to a hearing because the trial court offered to conduct an evidentiary hearing but the McCulloughs refused that offer.  To support that argument, the Ferrells attached as an appendix to their brief a letter from the trial judge to this court dated May 12, 2005.  The letter does not appear in the record.  The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered.  
Nguyen
, 93 S.W.3d at 293.  Moreover, while a court may grant a temporary injunction without a hearing by agreement of the parties, there still must be some evidence to support the injunction.  
Millwrights Local Union
, 433 S.W.2d 
at 687.

We sustain the McCulloughs’ second issue, dissolve the temporary injunction, and remand this case to the trial court for further proceedings.  Because we have sustained their second issue, we need not address the McCulloughs’ first issue.  
See
 
Tex. R. App. P.
 47.1.

PER CURIAM

PANEL F: GARDNER, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED:  October 20, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
The trial court’s order
 recites that a hearing was held February 24, 2005, but the parties agree that the “hearing” was merely a telephone conference.

3:
In lieu of a clerk’s record, the McCulloughs filed sworn copies of certain trial court papers under Texas Rule of Appellate Procedure
 28.3.  The Ferrells did not supplement the record.

4:
A reporter’s record of a pretrial hearing is required only if evidence is introduced in open court.  
Michiana Easy Livin’ Country, Inc. v. Holten
, 168 S.W.3d 777, 782 (Tex. 2005).  If a proceeding’s nature, the trial court’s order, or other indications show that an evidentiary hearing took place in open court, then a complaining party must present a record of that hearing to establish harmful error; otherwise, we presume that pretrial hearings are nonevidentiary and that the trial court considered only the evidence filed with the clerk.  
Id.
 at 783.  In this case, we must presume that the June 10, 2004 hearing was nonevidentiary.