COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-115-CV

 

 

TAMMERA A. MCCULLOUGH AND                                       APPELLANTS

JASON MCCULLOUGH

 

                                                   V.

 

RANDALL L. FERRELL AND KATHY J. FERRELL                          APPELLEES

 

                                              ------------

 

            FROM THE COUNTY COURT AT
LAW OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellants
Tammera A. McCullough and Jason McCullough appeal from a temporary injunction
issued in favor of Appellees Randall L. Ferrell and Kathy J. Ferrell.  We dissolve the temporary injunction.








The
Ferrells sued the McCulloughs for allegedly violating a restrictive covenant of
the Parker County subdivision where the 
parties reside.  According to the
Ferrells= verified petition, the
McCulloughs violated a restrictive covenant that prohibits residents from
maintaining more than one head of livestock per acre of land.  The trial court issued a temporary
injunction on March 2, 2005 prohibiting the McCulloughs from violating the
restrictive covenant.[2]  The McCulloughs filed this interlocutory
appeal.  In two issues, the McCulloughs
argue (1) that the trial court abused its discretion in granting the temporary
injunction because the McCulloughs and other subdivision property owners
amended the restrictive covenant to allow more livestock per acre and (2) that
the trial court abused its discretion by issuing the injunction because the
Ferrells Afailed to offer any evidence to
support the trial court=s decision.@ 
We agree with the McCullough=s second issue.








An
applicant for a temporary injunction seeks extraordinary equitable relief.  In re Tex. Natural Res. Conservation Comm=n, 85 S.W.3d 201, 204 (Tex. 2002).  The applicant has the burden of offering some evidence
that establishes a probable right of recovery. 
Id.  While a temporary
restraining order may issue on a sworn petition, a temporary injunction
requires evidence.  Millwrights Local Union No. 2484 v.
Rust Eng=g Co., 433 S.W.2d 683, 685-87 (Tex.
1968); see also Alert Synteks, Inc. v. Jerry Spencer, L.P., 151 S.W.3d
246, 253 (Tex. App.CTyler 2004, no pet.) (holding sworn
petition does not constitute evidence that will support a temporary
injunction).  AWrits of injunction should not issue on mere surmise.@ 
Camp v. Shannon, 348 S.W.2d 517, 519 (Tex. 1961).

Whether
to grant or deny a temporary injunction is within the trial court=s sound discretion.  Butnaru v. Ford Motor Co., 84 S.W.3d
198, 204 (Tex. 2002).  A reviewing court
should reverse an order granting injunctive relief only if the trial court
abused that discretion.  Id.  The reviewing court must not substitute its
judgment for the trial court=s judgment unless the trial court=s action was so arbitrary that it exceeded the bounds of
reasonable discretion.  Id.








The
record before us contains the Ferrells= verified petition, to which are attached several
unauthenticated exhibits and certified copies of the warranty deed and deed of
trust pertaining to the McCulloughs= property.[3]  The Ferrells state that the trial court
conducted a hearing on their application for temporary injunction on June 10,
2004, but we find no reporter=s record, exhibits, docket sheet, order, or anything else in the
record to show that the hearing occurred or what evidence was presented to the
court.[4]  There is no record of the February 24, 2005
telephone conference.

We
are bound to decide this case on the record as filed.  See Nguyen v. Intertex, Inc., 93 S.W.3d 288, 292-93 (Tex.
App.CHouston [14th Dist.] 2002, no
pet.).  The scant record is
devoid of evidence.  See In re Tex. Natural Res.
Conservation Comm=n, 85 S.W.3d at 204. 
In the absence of a record reflecting any evidence on which the trial
court might have relied, we can only conclude that the trial court abused its
discretion by issuing the injunction.








The
Ferrells argue that the McCulloughs waived their right to a hearing because the
trial court offered to conduct an evidentiary hearing but the McCulloughs
refused that offer.  To support that
argument, the Ferrells attached as an appendix to their brief a letter from the
trial judge to this court dated May 12, 2005. 
The letter does not appear in the record.  The attachment of documents as exhibits or appendices to briefs
is not formal inclusion in the record on appeal and, therefore, the documents
cannot be considered.  Nguyen, 93
S.W.3d at 293.  Moreover, while a court
may grant a temporary injunction without a hearing by agreement of the parties,
there still must be some evidence to support the injunction.  Millwrights Local Union, 433 S.W.2d
at 687.

We
sustain the McCulloughs= second issue, dissolve the
temporary injunction, and remand this case to the trial court for further
proceedings.  Because we have sustained
their second issue, we need not address the McCulloughs= first issue.  See Tex.
R. App. P. 47.1.

PER CURIAM

 

PANEL F:    GARDNER,
J.; CAYCE, C.J.; and MCCOY, J.

 

DELIVERED:  October 20, 2005











[1]See Tex. R.
App. P. 47.4.





[2]The trial court=s order recites that a hearing was
held February 24, 2005, but the parties agree that the Ahearing@ was merely a telephone
conference.





[3]In lieu of a clerk=s record, the McCulloughs filed
sworn copies of certain trial court papers under Texas Rule of Appellate
Procedure 28.3.  The Ferrells did not
supplement the record.





[4]A reporter=s record of a pretrial hearing is
required only if evidence is introduced in open court.  Michiana Easy Livin= Country, Inc. v. Holten, 168 S.W.3d 777, 782 (Tex.
2005).  If a proceeding=s nature, the trial court=s order, or other indications show
that an evidentiary hearing took place in open court, then a complaining party
must present a record of that hearing to establish harmful error; otherwise, we
presume that pretrial hearings are nonevidentiary and that the trial court
considered only the evidence filed with the clerk.  Id. at 783.  In
this case, we must presume that the June 10, 2004 hearing was nonevidentiary.