Opinion filed February 2, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed February 2, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00275-CV 

 

                                                    __________

 

                            SAMUEL ROSHELL MADISON, Appellant

 

                                                             V.

 

                                 LAURA
MARIE MADISON, Appellee

 



 

                                         On
Appeal from the 318th District Court

 

                                                        Midland
County, Texas

 

                                                Trial
Court Cause No. FM-40,057

 



 

                                              M
E M O R A N D U M  O P I N I O N

 

Samuel Roshell Madison appeals the trial court=s order increasing his monthly child
support payment and requiring him to pay retroactive child support for one
child whose paternity was established by genetic testing.  We find no abuse of discretion and affirm.








Laura Marie Madison filed a motion to modify
appellant=s child
support obligation and to establish the parent-child relationship between
appellant and her youngest child. 
Appellant denied parentage, but genetic testing confirmed that he was the
child=s
father.  The trial court modified
appellant=s child
support obligation and ordered him to pay retroactive child support for the
youngest child.  Appellant then
apparently filed a motion for new trial. 
The trial court held a hearing and entered an amended order which
lowered his monthly support obligation but still awarded retroactive child
support.

Neither the motion for new trial nor the amended
order was made a part of the clerk=s
record; however, both parties have attached a copy of the amended order to
their briefs.  The general rule is
that  the attachment of documents as
exhibits or appendices to briefs is not a formal inclusion in the record on
appeal.  Nguyen v. Intertex, Inc.,
93 S.W.3d 288, 293 (Tex. App.CHouston
[14th Dist.] 2002, no pet.).  Because
appellant is proceeding pro se and because we have received the same order from
both parties, we will not abate this proceeding for the preparation of a
supplemental clerk=s record
but will proceed as if the amended order was properly before us.

Appellant=s
first three issues concern the trial court=s
calculation of his monthly child support obligation.  His fourth issue concerns the retroactive
child support calculation.  Appellant
contends that the trial court incorrectly extrapolated his annual income and,
therefore, that its subsequent calculations were in error.  A trial court=s
child support order will not be disturbed on appeal absent a clear abuse of
discretion.  Worford v. Stamper,
801 S.W.2d 108 (Tex. 1990).  The test for
abuse of discretion is whether the trial court acted without reference to any
guiding rules or principles.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

The trial court=s
amended order indicates it held two evidentiary hearings.  Appellant has not provided this court with a
reporter=s record
from either hearing.  He did not request
findings of fact and conclusions of law. The court reporter contacted appellant
by correspondence and advised him of the process for obtaining a reporter=s record.  The clerk=s
office for this court notified appellant that no reporter=s record had been filed.  Appellant informed the clerk=s office by phone and this court by
correspondence that no reporter=s
record was required in this case.  The
clerk=s office
then confirmed, in writing, that appellant was not filing a reporter=s record.  Pursuant to Tex.
R. App. P. 37.3(c), we will proceed to consider this appeal without a
reporter=s record.








Appellant=s
failure to provide a complete record prevents us from granting him any
relief.  When no findings of fact and
conclusions of law are filed, we must presume the trial court made all the
necessary findings to support its judgment. 
Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989).  When no reporter=s
record is filed, we must assume the missing evidence supports the trial court=s ruling.  Bryant v. United Shortline Inc. Assurance
Servs., 972 S.W.2d 26, 31 (Tex. 1998). 
These presumptions compel a finding that the trial court=s calculations are correct.

Appellant is apparently attempting to appeal the
trial court=s amended
order by having this court redetermine the underlying issues de novo.  Appellant=s
brief includes pay records, a letter, and a copy of an e-mail from his employer.  The letter and e-mail are dated after the
trial court=s second
hearing and, thus, were most likely not presented to the trial court but were
prepared as a result of that hearing.  We
may not consider any documents that are not part of the appellate record.  Deutsch v. Hoover, Bax & Slovacek,
L.L.P., 97 S.W.3d 179, 198 (Tex. App.CHouston
[14th Dist.] 2002, no pet.)  Attaching
new evidence to a brief does not make it a part of the appellate record.  

Moreover, our role is not to review the underlying
issues de novo but to determine from the record before us whether the trial
court abused its discretion.  After
applying the required presumptions when no transcript or findings of fact and
conclusions of law are filed, we cannot say the trial court abused its
discretion.  Appellant=s issues are overruled.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

February 2, 2006

Panel
consists of: Wright, C.J., and

McCall,
J., and, Strange, J.