TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00174-CV






Sarah Horton, Appellant


v.


City of Smithville, Texas et al., Appellee






FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT

NO. 24,734, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING




O R D E R 



 Appellant Sarah Horton filed a motion to allow the addition of certain items to the
clerk's record on appeal. Horton moves to include a videotape referenced by counsel during a
September 1, 2004 hearing on City of Smithville's motion for summary judgment and plea to the
jurisdiction, as well as a spiral-bound exhibit binder prepared for such hearing. However, there is
no indication that either of these items were properly admitted into evidence in the trial court. A
party cannot supplement the record by adding exhibits that were not filed with the trial court. K-Six
Television, Inc. v. Santiago, 75 S.W.3d 91, 97 (Tex. App.--San Antonio 2002, no pet.). As a result,
Horton's request to include these items in the clerk's record on appeal is denied.

 Horton also moves to include copies of the following documents filed with the trial
court: (1) Request for Findings of Fact and Conclusions of Law; and (2) Motion to Modify and
Correct "Order" Signed on March 23, 2005. Horton has attached file-stamped copies of these
documents to her motion as exhibits. Because the attachment of documents to filings with this Court
does not constitute inclusion in the record, Nguyen v. Intertex, Inc., 93 S.W.3d 288, 293
(Tex. App.--Houston [14th Dist.] 2002, no pet.), Horton should request a supplemental clerk's
record as required by Texas Rule of Appellate Procedure 34.5(c). Provided that Horton properly
requests a supplemental record to include the two documents at issue, the motion to include these
documents in the record is granted.

 It is so ordered October 19, 2007.


__________________________________________

 Diane Henson, Justice

Before Chief Justice Law, Justices Waldrop and Henson