49 S.W.3d 911 (2001)
In the Interest of A.L.H.C., A Minor Child.
No. 05-98-02133-CV.
Court of Appeals of Texas, Dallas.
July 12, 2001.
*914 Robert W. Bucholz, Bucholz, Sassin and Demaio, William Charles Campbell, Dallas, for Appellant.
Kent Frank Brooks, Dallas, Randall C. Reed, Weiner Glass & Reed, LLP, Dallas, for Appellee.
Before Justices JAMES, FITZGERALD, and DODSON.[1]

OPINION
Opinion By Justice DODSON.
Patricia Louise Hope petitioned for bill of review to set aside the judgment terminating her parental rights. George T. Connell, Jr. responded to Hope's petition, and both parties filed motions for summary judgment. In six issues, Hope appeals the denial of her motion for summary judgment and the granting of Connell's motion for summary judgment. We affirm.

Background
The underlying cause originated in Dallas County where Hope sought and obtained a finding that Connell was the biological father of A.L.H.C. In 1989, Hope, then the managing conservator of the child, filed a motion to modify visitation and a motion to transfer venue to Collin County. In 1990, Connell was appointed the managing conservator of the child. Hope filed another motion to modify, and Connell filed a counterclaim requesting Hope's parental rights be terminated. In 1993, Hope absconded with A.L.H.C. in violation of the court's orders. In November 1993, Hope failed to appear at the final hearing, and the court terminated her parental rights to the child. In 1996, Hope was arrested in the Dominican Republic for interference with child custody, and she and A.L.H.C. were returned to the United States.
In October 1997, Hope filed the present action alleging: (1) the court lacked jurisdiction to enter the termination decree because the order of transfer from Dallas County was not signed; (2) Hope was not served with citation in Connell's counterclaim; (3) Connell committed extrinsic fraud by not giving Hope notice of the trial setting; and (4) Hope did not timely receive notice of the termination decree. Connell filed a motion for summary judgment, presenting evidence to negate each of Hope's allegations and arguing, as a matter of law, that Hope's own conduct precludes her from entitlement to a bill of review. Hope objected to one of the affidavits supporting Connell's motion, but did not otherwise respond. She filed a motion for summary judgment only on her allegation that the termination decree was void for want of jurisdiction; she asserted this claim was a collateral attack on the judgment that can be raised without meeting the requirements of a bill of review.

Standard of Review
Summary judgment is proper when the movant establishes there is no *915 genuine issue of material fact and that he is entitled to judgment as a matter of law. See Tex.R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.1979). A defendant is entitled to summary judgment when he disproves, as a matter of law, one of the essential elements of each of the plaintiff's causes of action. Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.1991). Except to attack the legal sufficiency of the movant's grounds for summary judgment, the nonmovant must expressly present to the trial court in a written answer or response any reason for avoiding the movant's entitlement to summary judgment. See Tex.R. Civ. P. 166a(c); McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 (Tex.1993); Clear Creek Basin, 589 S.W.2d at 677. Any issue not expressly presented to the trial court in a written motion or response may not be raised as grounds for reversal on appeal. Green v. Unauthorized Practice of Law Comm., 883 S.W.2d 293, 300 (Tex.App.-Dallas 1994, no writ). Even constitutional arguments are waived if not properly presented to the trial court in the summary judgment proceeding. Id.; Fadia v. Unauthorized Practice of Law Comm., 830 S.W.2d 162, 165 (Tex.App.-Dallas 1992, writ denied) (op. on reh'g).
When both sides file motions for summary judgment and one is granted and one is denied, we review all questions presented. Jones v. Strauss, 745 S.W.2d 898, 900 (Tex.1988) (per curiam) (orig.proceeding); Nationwide Prop. & Cas. Ins. Co. v. McFarland, 887 S.W.2d 487, 490 (Tex. App.-Dallas 1994, writ denied). We accept all evidence favorable to the nonmovant as true, indulge the nonmovant with every favorable reasonable inference, and resolve any doubt in the nonmovant's favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.1985).
A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, viewing the evidence in the light most favorable to the plaintiff, the plaintiff could not succeed upon any theory pleaded. Delgado v. Burns, 656 S.W.2d 428, 429 (Tex.1983) (per curiam); Portlock v. Perry, 852 S.W.2d 578, 581 (Tex.App.-Dallas 1993, writ denied). When a summary judgment order does not specify the grounds upon which the ruling was granted, we will affirm the judgment if any one of the theories advanced in the motion is meritorious. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex.1993); Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.1989).

Bill of Review
Hope brings six issues challenging the granting of Connell's motion for summary judgment. However, Hope failed to present her contentions to the trial court in a response to Connell's motion for summary judgment. She may not present on appeal any issue that was not expressly presented to the trial court in a written motion or response. See Green, 883 S.W.2d at 300. Therefore we overrule issues two through six to the extent they address arguments and evidence not before the trial court. We limit our review of these issues to determine the sufficiency of Connell's motion for summary judgment. See McConnell, 858 S.W.2d at 343; Clear Creek Basin, 589 S.W.2d at 677-79.
A bill of review is an equitable action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. See Caldwell v. Barnes, 975 S.W.2d 535, 537 (Tex.1998). Generally, bill of review relief is available only if a party pleads and proves (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the *916 fraud, accident, or wrongful act of his opponent, (3) unmixed with any fault or negligence of his own. Id.; see Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam).
Connell's motion for summary judgment alleged that Hope's own fault and negligence preclude her from bringing a bill of review. As evidence in support of his motion, Connell relied upon the affidavit of the ad litem appointed for the child in the underlying proceeding, the statement of facts from that proceeding, excerpts of Hope's deposition, and judicial notice of the documents on file in that cause. This evidence shows that Hope left the United States knowing she was in violation of the court's orders; she provided no forwarding address or means of contacting her; and she made no attempt to ascertain the status of the case from June 1993 until March 1996.[2]
Connell's evidence establishes that Hope was negligent and failed to exercise due diligence in pursuing legal remedies against the judgment. The inquiry traditionally used to determine whether a party has been diligent is whether the litigant and his counsel used such care as that which prudent and careful men would ordinarily use in their own cases of equal importance. Lambert v. Coachmen Indus. of Tex., Inc., 761 S.W.2d 82, 88 (Tex. App.-Houston [14th Dist.] 1988, writ denied); Conrad v. Orellana, 661 S.W.2d 309, 313 (Tex.App.-Corpus Christi 1983, no writ). A party's failure to make reasonable inquiries regarding his pending litigation is failure to exercise diligence, and without the showing of such diligence, a bill of review will fail since the appellant will not be able to prove his non-negligence in allowing the judgment against him to be rendered and to become final. See Melton v. Ryander, 727 S.W.2d 299, 302 (Tex.App.-Dallas 1987, writ ref'd n.r.e.); Conrad, 661 S.W.2d at 313.
In her petition, Hope alleges she was not provided service of citation on Connell's suit for termination of parental rights. If she was not effectively served, constitutional due process relieves her of complying with the bill of review requirement that she have a meritorious defense to Connell's suit. See Caldwell, 975 S.W.2d at 537; see also Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 84-87, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). Nevertheless, a person must exercise due diligence, and if legal remedies were available but ignored, relief by equitable bill of review is unavailable. See Caldwell, 975 S.W.2d at 537; see also Min v. Avila, 991 S.W.2d 495, 500 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (in petition for bill of review claiming lack of service, petitioner must establish lack of proper service and his own diligence in setting aside default judgment).
The Texas Family Code provides that citation in a suit affecting parent-child relationship shall be issued and served as in other civil cases. See Tex. Fam.Code Ann. § 102.009(c) (Vernon Supp.2001). A person's appearance in open court on a pending matter has the same force and effect as if the citation had been duly issued and served. Tex.R. Civ. P. 120. When a party asserts a counterclaim or a cross-claim against another party who has entered an *917 appearance, the claim may be served in any manner prescribed for service of citation or as provided in rule 21(a). Tex.R. Civ. P. 124; Min, 991 S.W.2d at 500. Connell's summary judgment evidence shows that Hope made several appearances in court after receiving rule 21a notice of Connell's counterclaim seeking termination of Hope's parental rights. Because Hope was served with rule 21a notice of the counterclaim and thereafter entered an appearance in the proceedings, no further service was required.
We also conclude that Connell established Hope's negligence, thus negating an essential element for bill of review that was applicable to each of Hope's theories of recovery. The burden then shifted to Hope to present evidence creating a fact issue concerning her lack of diligence. She failed to present any such evidence. Therefore, we overrule issues two through six.

Collateral Attack
In her first issue, Hope also contends the trial court erred by failing to grant her motion for summary judgment. She contends the trial court lacked jurisdiction to enter the termination decree because the order of transfer from Dallas County was not signed. She contends the judgment was void for this reason. In the trial court, she also asserted she was not required to satisfy the requirements of a bill of review because her challenge against the judgment was brought as a collateral attack. The requirements of a bill of review need not be met when a party collaterally attacks a void judgment. See McEwen v. Harrison, 162 Tex. 125, 131-32, 345 S.W.2d 706, 710 (1961); Sibert v. Devlin, 508 S.W.2d 658, 662 (Tex.Civ. App.-Texarkana 1974, no writ).
Hope's attempt to classify her petition as a collateral attack is without merit. A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for the purpose of correcting, modifying, or vacating it, but in order to obtain some specific relief against which the judgment stands as a bar. Akers v. Simpson, 445 S.W.2d 957, 959 (Tex.1969); Crawford v. McDonald, 88 Tex. 626, 630, 33 S.W. 325, 327 (1895) (op. on reh'g); Biaza v. Simon, 879 S.W.2d 349, 353 (Tex.App.-Houston [1st Dist.] 1994, writ denied). Examples of collateral attacks include a defendant's attempt to deny the existence of a judgment debt in an enforcement action on the judgment or a party's attempt to avoid the effect of a judgment offered as a link in the chain of title in a suit to try the title to property. Crawford, 88 Tex. at 630, 33 S.W. at 327.
Because Hope's petition is a proceeding instituted for the purpose of vacating the termination decree, it constitutes a direct attack on the judgment. "A direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of same in a proceeding instituted for that purpose...." Id. Furthermore, if the judgment is not challenged by timely direct appeal or writ of error, a bill of review is the exclusive method of vacating the judgment. See Tex.R. Civ. P. 329b(f); Middleton v. Murff, 689 S.W.2d 212, 213 (Tex.1985) (per curiam) (op. on reh'g); In the Matter of the Marriage of Vogel, 885 S.W.2d 648, 650-51 (Tex.App.-Amarillo 1994, writ denied).[3]
*918 In this case, Hope does not dispute that the Collin County district court has jurisdictional power to hear and determine cases of the general class to which this particular one belongs. Instead, she contends the termination judgment is void because the court's jurisdictional power was not properly invoked. Therefore, in her direct attack against the judgment, Hope was required to satisfy the requirements of a bill of review. See Middleton, 689 S.W.2d at 213-14; Deen v. Kirk, 508 S.W.2d 70, 72 (Tex.1974) (orig.proceeding). Because Connell's motion for summary judgment negated an element essential for a bill of review and Hope did not present evidence to raise a fact issue on the missing element, summary judgment was appropriately granted in favor of Connell.
Moreover, even if Hope was not required to show diligence to succeed in her direct attack against the judgment based on this jurisdictional claim, we also conclude that summary judgment was properly granted in favor of Connell because Hope's jurisdictional challenge was meritless. Connell's summary judgment evidence established that the original cause had been properly transferred to Collin County and that the Collin County district court had jurisdiction to enter the termination order. An unambiguous transfer order was signed July 28, 1989.
The same rules of interpretation apply to ascertain the meaning of judgments as to ascertain the meaning of other written instruments. Lone Star Cement Corp. v. Fair, 467 S.W.2d 402, 404-05 (Tex.1971) (orig.proceeding); State Farm Lloyds, Inc. v. Williams, 791 S.W.2d 542, 546 (Tex.App.-Dallas 1990, writ denied). If a written instrument can be given a certain or definite legal meaning or interpretation, then there is no ambiguity, and the construction of the written instrument is a question of law. Coker v. Coker, 650 S.W.2d 391, 393 (Tex.1983). If an ambiguity exists, the ambiguity must be resolved, if possible, considering the entire content of the order and the record. See Wilde v. Murchie, 949 S.W.2d 331, 332-33 (Tex.1997) (per curiam); Lone Star Cement Corp., 467 S.W.2d at 405. To be valid, an order must identify the parties and the docket number of the case. See Stewart v. USA Custom Paint & Body Shop, Inc., 870 S.W.2d 18, 20 (Tex.1994). Where a court order is unambiguous, extrinsic evidence may not be considered to give a different effect from what is expressly stated in the order. See Brannon v. Gulf States Energy Corp., 562 S.W.2d 219, 222 (Tex.1977); McLeod v. McLeod, 723 S.W.2d 777, 779 (Tex.App.-Dallas 1987, no writ). Parol evidence cannot be used to create an ambiguity.
In this case, the first page of the transfer order contains the docket number, the style of the case, the caption "Order on Motion to Transfer," and provisions for the transfer of the case from Dallas County to Collin County. The second page contains an unsigned line for the court master, an approval of the parties' attorneys, a handwritten provision for the withdrawal of Hope's attorney, Hope's approval, and the signature of the district court judge. Because there is no docket number or identification of parties on the second page of the order, the two pages must be construed together. See Stewart, 870 S.W.2d at 20. Considering the two pages together, *919 the order unambiguously transfers the cause. In her summary judgment motion, Hope relied on testimony that the trial judge did not consider both pages of the order. Hope attempts to use parol evidence to create an ambiguity in the transfer order. This she cannot do. See Friendswood Dev. Co., 926 S.W.2d at 283. We overrule Hope's first issue.
Because we conclude summary judgment was properly granted in favor of Connell on all of Hope's theories of recovery, we rule against Hope on all issues. Accordingly, we affirm the trial court's judgment.
NOTES
[1] The Honorable Carlton B. Dodson, Justice, Court of Appeals, Seventh District of Texas at Amarillo, Retired, sitting by assignment.
[2] In support of his motion for summary judgment, Connell also presented evidence to negate each substantive claim in Hope's petition for bill of review. Connell's summary judgment evidence establishes that: Hope made several appearances in the underlying proceeding after receiving rule 21a notice of Connell's counterclaim seeking termination of Hope's parental rights, she actively participated in the prior proceedings, and notice of the trial setting and judgment were sent to Hope's last known address.
[3] In Middleton, the supreme court disapproved of the use of the global statement that "[i]f a judgment rendered by a trial court is void it may be set aside by that court at any time." Middleton, 689 S.W.2d at 213. While recognizing that an exception to the rule 329b(f) requirement of a bill of review exists in cases where the trial court had no "jurisdictional power" to render judgment, the supreme court specifically defined "jurisdictional power" in this sense to mean "jurisdiction over the subject matter, the power to hear and determine cases of the general class to which the particular one belongs." Id.; see Deen v. Kirk, 508 S.W.2d 70, 72 (Tex.1974) (orig.proceeding). Any other direct attack on a void judgment must comply with rule 329b(f). See Middleton, 689 S.W.2d at 213-14.