# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00619-CV

Appellants, Sweetwater Austin Properties, L.L.C.; Lazy Nine Municipal Utility District 1A;
Lazy Nine Municipal Utility District 1B; Lazy Nine Municipal Utility District 1C;
Lazy Nine Municipal Utility District 1D; and Lazy Nine Municipal Utility District 1E //
Cross-Appellant, SOS Alliance, Inc.

v.

Appellee, SOS Alliance, Inc. // Cross-Appellees, Sweetwater Austin Properties, L.L.C.;
Lazy Nine Municipal Utility District 1A; Lazy Nine Municipal Utility District 1B;
Lazy Nine Municipal Utility District 1C; Lazy Nine Municipal Utility District 1D;
and Lazy Nine Municipal Utility District 1E

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
## NO. D-1-GN-08-001354, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## O P I N I O N

Appellee SOS Alliance, Inc. challenges a final judgment entered against it in a prior lawsuit. According to SOS Alliance, the judgment in the prior lawsuit is void because the prior lawsuit was heard by a visiting trial judge who was subject to objection under government code section 74.053(d), and who continued to sit on the case after objection by SOS Alliance. The district court in this lawsuit entered judgment in favor of SOS Alliance, declaring the prior judgment void and unenforceable. We conclude that SOS Alliance's claims in this lawsuit constitute a direct attack on the prior judgment, that the claims fail due to SOS Alliance's lack of due diligence in pursuing its legal remedies with respect to the judgment in the prior lawsuit, and that SOS Alliance

waived its section 74.053(d) objection in the prior lawsuit and, therefore, is foreclosed from bringing claims in this suit asserting that the trial court was without jurisdictional power in the prior lawsuit. We reverse the judgment of the district court and render judgment denying the relief sought by SOS Alliance.

## *Factual and Procedural Background*

On June 29, 2004, SOS Alliance filed suit against Lazy Nine Municipal Utility District in Travis County district court. In its suit, SOS Alliance challenged the constitutionality of the state legislation that created the District. Judge William E. Bender, a visiting judge, presided over the bench trial. On December 8, 2004, the district court entered judgment in favor of the District, finding that the legislation was constitutional, and awarding $294,000 in attorneys' fees to the District. On appeal, the Texarkana Court of Appeals[1] affirmed the judgment as modified, holding that the district court did not err in excluding evidence relevant to the legislation's constitutionality or in awarding attorneys' fees. *See generally Save Our Springs Alliance, Inc. v. Lazy Nine Mun. Util. Dist.*, 198 S.W.3d 300 (Tex. App.—Texarkana 2006, pet. denied). SOS Alliance filed a petition for review with the Texas Supreme Court, and the petition was denied. The Texarkana Court of Appeals issued its mandate in the 2004 lawsuit on March 30, 2007.

On April 18, 2008, SOS Alliance filed this suit against appellants in Travis County district court attacking the 2004 judgment.[2] SOS Alliance had filed for bankruptcy in 2007, and

---

[1] SOS Alliance filed its appeal in the 2004 lawsuit in this Court. Pursuant to docket equalization procedures, the appeal was transferred to the Texarkana Court of Appeals.

[2] This lawsuit was originally brought against the District. SOS Alliance's pleadings were subsequently amended to name appellants—Lazy Nine Municipal Utility District 1A, Lazy Nine

2

had obtained leave from the bankruptcy court to file this lawsuit. According to SOS Alliance's pleadings in this lawsuit, based on section 74.053(d) of the Texas Government Code, Judge Bender should not have heard the 2004 lawsuit. Section 74.053(d) states: "An assigned judge or justice who was defeated in the last primary or general election for which the judge or justice was a candidate for the judicial office held by the judge or justice may not sit in a case if either party objects to the judge or justice." Tex. Gov't Code Ann. § 74.053(d) (West 2005). Judge Bender was an assigned judge who had held judicial office but who, in 1998, had been defeated as a candidate in the primary election for that office. Therefore, he was subject to objection under government code section 74.053(d). *See id.* Unlike other objections under section 74.053, a party is not limited to only one objection under section 74.053(d). *See id.* § 74.053(b).

The parties have stipulated to the following facts. Trial in the 2004 lawsuit was set to begin on Monday, November 15, 2004. SOS Alliance was notified that Judge Peter M. Lowry, a visiting judge, would be assigned to hear cases during the week beginning November 15. SOS Alliance objected to the assignment of Judge Lowry. On the morning of November 15, SOS Alliance was notified that Judge Bender, also a visiting judge, was also being assigned to hear cases that week, and that Judge Bender would be hearing SOS Alliance's case.

---

Municipal Utility District 1B, Lazy Nine Municipal Utility District 1C, Lazy Nine Municipal Utility District 1D, Lazy Nine Municipal Utility District 1E, and Sweetwater Austin Properties, L.L.C.—as the defendants. On or about January 27, 2007, Sweetwater had obtained by assignment all of the District's rights in the award of attorneys' fees and costs under the 2004 judgment, and on November 6, 2007, a division of the District into five separate districts—1A through 1E—had been approved.

At that time, SOS Alliance was not aware that Judge Bender had been defeated in his last primary election. SOS Alliance orally objected to Judge Bender at docket call on the morning of November 15, but neither cited government code section 74.053(d) nor introduced any evidence or presented any argument that Judge Bender should not sit because he had been defeated in his primary election. The 2004 lawsuit was assigned to Judge Bender at docket call on the basis that SOS Alliance had already used its one section 74.053(b) objection in objecting to Judge Lowry. SOS Alliance filed both a handwritten objection and a typewritten objection to Judge Bender prior to trial. The handwritten objection states that it was "based on constitutional right to elected judge." The typewritten version cites article V, sections 7 and 11 of the Texas Constitution and alleges that SOS Alliance has a "right to trial before an elected District Court Judge." *See* Tex. Const. art. V, § 7 ("district judge shall be elected by the qualified voters at a General Election"), § 11 ("District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law").

During pretrial proceedings, SOS Alliance presented its objections to the court, arguing that the cited constitutional provisions "override the government code provision providing that a party gets one strike against an appointed visiting judge." The District, in turn, argued that SOS Alliance had no such constitutional right. The following discussion then took place between the District's counsel and the district court:

> MR. MCKETTA: . . . . And Your Honor (inaudible) after years of elected service that Your Honor was voted out of office. I apologize for even asking the question, but I want to have no error in this record.
>
> THE COURT: My title is Senior District Judge, 274th District Court.

4

MR. MCKETTA: And, Your Honor, that means that Your Honor is exactly an appropriate judge whom the legislature has authorized to sit, consistent with the last sentence of Section 7. Section 11 has nothing to do with this. This has to do with recusal and disqualifications.

Now, Your Honor, the legislature, as the Court knows, chose to give people a chance once to strike a visiting judge rather than infinite strikes to congest the calendars of judges who need assistance in trying cases. That one strike was done. There is no further right under the statute, and therefore, we ask that the objections be overruled, Your Honor.

THE COURT: All right. Plaintiff's objections are overruled.

After judgment was entered in favor of the District in 2004, SOS Alliance filed a motion for new trial. The motion for new trial included a point of error asserting that SOS Alliance was "entitled to have its case heard by a sitting elected Travis County District Court judge," based on "both local rules and the Texas Constitution." The motion for new trial was overruled. On appeal, SOS Alliance did not present any point of error or arguments concerning an objection to Judge Bender on any basis, either in its appellate briefing and motion for rehearing before the Texarkana Court of Appeals or in its petition for review and motion for rehearing before the Texas Supreme Court.

SOS Alliance made no inquiry to determine whether Judge Bender had been defeated in his last primary election until some time in late April or early May of 2007, which was after the mandate had issued on the 2004 lawsuit and SOS Alliance had filed for bankruptcy. SOS Alliance concedes that the facts showing that Judge Bender was defeated in his last primary election were available from public records that were accessible from November 2004 to the present.

5

On October 7, 2008, the district court in this lawsuit entered judgment in favor of SOS Alliance, declaring that the 2004 judgment is "void and of no force and effect." Appellants contest this declaration and appeal.[3]

### *Direct Attack or Collateral Attack*

We first consider whether SOS Alliance's claims constitute a direct attack or a collateral attack. A direct attack is a proceeding instituted for the purpose of correcting the earlier judgment. *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973). Such proceeding may be brought in the court rendering the judgment at issue or in another court that is authorized to review the judgment. *See id.* Examples of direct attacks include appeals, motions for new trial, and equitable bills of review. A collateral attack, on the other hand, is an attempt to avoid the binding force of a judgment in a proceeding not instituted for that purpose, but in order to obtain some specific relief against which the judgment currently stands as a bar. *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005); *Akers v. Simpson*, 445 S.W.2d 957, 959 (Tex. 1969). Examples of collateral attacks include a defendant's attempt to deny the existence of a judgment debt in an enforcement action on the judgment, and a party's attempt to avoid the effect of a judgment offered as a link in the chain of title in a suit to try the title to property. *See In re A.L.H.C.*, 49 S.W.3d 911, 917 (Tex. App.—Dallas 2001, pet. denied).

---

[3] SOS Alliance filed a "conditional" cross-appeal, arguing that if we reverse the 2008 judgment based on it not being entered in the original cause number of the 2004 lawsuit, we should remand. We do not hold that the 2008 judgment should have been entered in the original cause number. *See Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926-27 (Tex. 1999) (bill of review is "independent action"). Therefore, we overrule SOS Alliance's cross-appeal.

SOS Alliance argues that its attempt to set aside the 2004 judgment can be considered a collateral attack on the judgment. We disagree. This proceeding was instituted for the sole purpose of declaring the 2004 judgment void, and in the same district court in which the 2004 judgment was rendered. This is a direct attack. *See id.*

We recognize the existence of case law indicating that a collateral attack is *any* proceeding to avoid the effect of a judgment that does not meet all the requirements of a valid direct attack. *See, e.g.*, *Texas Dep't of Transp. v. T. Brown Constructors, Inc.*, 947 S.W.2d 655, 657-59 (Tex. App.—Austin 1997, pet. denied) (construing bill of review as collateral attack because it failed to meet all requirements of valid direct attack); *Glunz v. Hernandez*, 908 S.W.2d 253, 256-57 (Tex. App.—San Antonio 1995, writ denied) (construing as collateral attack a lawsuit alleging court entered default judgment after expiration of plenary power); *Outlaw v. Noland*, 506 S.W.2d 734, 735 (Tex. Civ. App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.) (holding that bill of review brought in wrong court constitutes collateral attack). However, such an approach runs counter to the Texas Supreme Court's holding with respect to what constitutes a collateral attack. *See Browning*, 165 S.W.3d at 345-46 (defining collateral attack as made in "a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment"); *see also Middleton v. Murff*, 689 S.W.2d 212, 213-14 (Tex. 1985) (per curiam) (holding that bill of review is exclusive remedy on direct attack where court had jurisdictional power *even if* judgment void). In accordance with supreme court precedent, then, we hold that a proceeding instituted as a direct attack—filed by the plaintiff for the purpose of correcting an earlier judgment—cannot be treated as a permissible collateral attack simply because the plaintiff's attack would fail as a direct attack. Simply because

7

it might fail as a direct attack or be an invalid direct attack does not mean it is not an attempt to mount a direct attack. A suit filed for the purpose of correcting a judgment must comply with those requirements applicable to the type of direct attack employed, and an attack on a judgment in a suit filed for a separate purpose must comply with those requirements applicable to a collateral attack.

SOS Alliance contends that its lawsuit may proceed as a collateral attack because SOS Alliance had obtained leave from the bankruptcy court to file the 2008 lawsuit. However, the bankruptcy court's providing for SOS Alliance to pursue its claims does not alter the nature of the claims, nor does it validate their merit. This proceeding was instituted for the purpose of vacating the 2004 judgment. Therefore, it is a direct attack on the 2004 judgment, not a collateral attack. Consequently, we must determine whether a direct attack by SOS Alliance can result in the 2004 judgment being void and unenforceable.

### *Due Diligence Requirement for Bill of Review*

A bill of review is an equitable proceeding brought to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004); *see* Tex. R. Civ. P. 329b(f). In reviewing the grant of a bill of review, we indulge every presumption in favor of the court's ruling. *See Narvaez v. Maldonado*, 127 S.W.3d 313, 319 (Tex. App.—Austin 2004, no pet.). We will not disturb that ruling unless the trial court abused its discretion by acting in an unreasonable or arbitrary manner or without reference to any guiding rules and principles. *See id.* However, the burden on a bill-of-review petitioner is heavy because it is fundamentally important that judgments be accorded some finality, and the

grounds on which interference will be allowed are narrow and restricted. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Narvaez*, 127 S.W.3d at 319.

A bill-of-review petitioner must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the petitioner was prevented from making by the fraud, accident, or wrongful act of the opposing party or by official mistake, (3) unmixed with any fault or negligence on the petitioner's own part. *See King Ranch*, 118 S.W.3d at 752-53; *Narvaez*, 127 S.W.3d at 319. For a bill of review to be proper, SOS Alliance must also prove that it exercised due diligence in pursuing all adequate legal remedies after the challenged judgment is entered, or show good cause for failing to exhaust those remedies. *See Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1989); *Perdue v. Patten Corp.*, 142 S.W.3d 596, 604 (Tex. App.—Austin 2004, no pet.). This due-diligence requirement is distinct from the three bill-of-review elements. *See Perdue*, 142 S.W.3d at 606. The inquiry traditionally used to determine whether a party has been diligent is the care that "prudent and careful men would ordinarily use in their own cases of equal importance." *In re A.L.H.C.*, 49 S.W.3d at 916.

SOS Alliance knew that Judge Bender was an assigned visiting judge, and admits that the information showing that he was defeated in his last primary election was available from public records that were accessible from November 2004 to the present. Despite this fact, SOS Alliance did not inquire into Judge Bender's status for purposes of a section 74.053(d) objection until over two years after the trial court entered judgment adverse to SOS Alliance in December 2004 and after the judgment in the case was final. This period of SOS Alliance's inaction as to this issue includes the time period ending March 23, 2005, when the district court had plenary power to

9

revisit Judge Bender's ability to sit in cases after timely objection. SOS Alliance's period of inaction also encompasses the time period in which it filed appellate briefing and a motion for rehearing in the Texarkana Court of Appeals, and a petition for review and motion for rehearing in the Texas Supreme Court, none of which addressed any possible grounds for Judge Bender's disqualification, recusal, or removal from the case. *See Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004) ("If a motion to reinstate, motion for new trial, or direct appeal is available, it is hard to imagine any case in which failure to pursue one of them would not be negligence."); *French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967) (denying relief by bill of review when no reason advanced for fact that correction of error was sought in motion for new trial but not on appeal). Given that SOS Alliance knew that Judge Bender was a visiting judge, stated by written objection its opposition to any visiting judge presiding over the 2004 trial, sought reversal of the judgment adverse to its interest by direct appeal, and yet never raised on appeal the section 74.053 arguments it now presents in this lawsuit, we conclude that SOS Alliance failed to exercise due diligence in pursuing its available legal remedies.

SOS Alliance contends that the lateness of its challenge under government code section 74.053(d) does not demonstrate a lack of due diligence because it reasonably relied on Judge Bender's statement that his title was "Senior District Judge" following the District's attorney's reference to the judge being "voted out of office." Even if the trial court's comments on the record potentially confused SOS Alliance,[4] we see no reason to reward SOS Alliance for its failure to

---

[4] SOS Alliance asserts that it construed Judge Bender's statement of his title to mean that he had not lost his primary election, and implies that the judge intended to so mislead SOS Alliance. We note that there are a number of possible, contrary explanations for the judge's answer, such as his

10

investigate the issue throughout the process of trial, post-trial motions, judgment, post-judgment motions, and direct appeal of the original case. SOS Alliance had sufficient opportunity on direct appeal to challenge the district court's ruling on its objection to the visiting judge as well as sufficient opportunity to object to Judge Bender on the basis that he had been defeated in an election. We do not consider the judge's statement to the parties' counsel to be adequate justification, by itself, for SOS Alliance's failure to challenge the statement either at the original trial or on direct appeal. *See Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 295 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("A party who permits a judgment to become final without appealing it cannot seek relief by bill of review without providing an adequate explanation for the failure to appeal.").

SOS Alliance argues that it exercised due diligence once it learned of Judge Bender's electoral history. According to SOS Alliance, it promptly sought permission of the bankruptcy court to file this action as soon as it made this discovery. However, due diligence involves not only actions taken upon obtaining relevant information, but also actions taken upon possessing the *opportunity* to obtain that information. *See Thompson v. Henderson*, 45 S.W.3d 283, 288-89 (Tex. App.—Dallas 2001, pet. denied) (finding lack of due diligence where party's agent misunderstood letter stating that default judgment had been taken); *Hesser v. Hesser*, 842 S.W.2d 759, 765 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (finding lack of due diligence where party relied on face of judgment and alleged that error not discovered until evidence later gathered

---

mishearing or responding to the "inaudible" portion of the District's argument, his lack of awareness of the implications of government code section 74.053(d), or his determining that SOS Alliance had not raised a section 74.053(d) objection and, as a result, his choosing to respond only to SOS Alliance's stated objection rather than to the District's expanded discussion.

11

in bill of review proceeding); *see also Melton v. Rylander*, 727 S.W.2d 299, 302 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) ("When an attorney fails to make reasonable inquiries concerning his pending litigation, he fails to exercise due diligence.").

SOS Alliance also relies on its research into Judge Bender's status coinciding with its need to "take desperate measures" when it had to seek bankruptcy protection. However, the issue of due diligence turns on when the party learned or had opportunity to learn of an adverse judgment and any potential error underlying that judgment, not on when the party experienced some sort of financial harm from the judgment. It would be unreasonable to determine that a party can be excused from not challenging a judgment simply because the party had not yet found itself in sufficient financial straits. *See In re A.L.H.C.*, 49 S.W.3d at 916 (due diligence measured by what care "prudent and careful men would ordinarily use in their own cases of equal importance"). Such a determination would conflict with the fundamental policy that judgments must become final at some point. *See King Ranch*, 118 S.W.3d at 751; *Perdue*, 142 S.W.3d at 604. We note that SOS Alliance specifically does not allege that the information regarding Judge Bender's status was unavailable or not discernible during the pendency of the prior lawsuit. SOS Alliance concedes the information was available. They simply did not take steps to discover it until after the judgment was final.

We conclude that SOS Alliance failed to prove that it exercised due diligence in pursuing all adequate legal remedies after the 2004 judgment was entered, and that to hold otherwise

12

would be to act without reference to any guiding rules and principles.[5]  Therefore, SOS Alliance is not entitled to relief via bill of review.

***Waiver of Section 74.053(d) Objection***

Our conclusion that SOS Alliance cannot obtain relief via bill of review does not end the analysis.  We must also determine whether SOS Alliance preserved a 74.053(d) objection to the assignment of Judge Bender to hear the 2004 lawsuit.  If so, SOS Alliance argues that Judge Bender's sitting on the 2004 case rendered the 2004 judgment subject to direct attack at any time.

The Texas Supreme Court addressed the question of when and how void judgments may be attacked in *McEwen v. Harrison*, 345 S.W.2d 706 (Tex. 1961).  In *McEwen*, the supreme court recognized two types of void judgments:  (1) those in which the trial court possessed the "jurisdictional power" to render the judgment despite the fact that there may have been an error or defect that made the judgment void, and (2) those in which the court did not even possess the "jurisdictional power" to hear the case and render judgment at all.  345 S.W.2d at 710-11; *In re General Motors Corp.*, No. 03-07-00509-CV, 2009 Tex. App. LEXIS 7163, at *14-15 (Tex. App.—Austin Aug. 28, 2009, no pet. h.).  For the first category, a litigant seeking to make a direct attack on a trial court's judgment may need to file a bill of review in accordance with Texas Rule of Civil Procedure 329b, which provides:

---

[5]  Although the district court's judgment in this lawsuit does not state the legal theory under which the 2004 judgment was declared void, based on the record it appears that the district court made its ruling under collateral attack principles rather than under a bill-of-review analysis.

13

> On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law; provided that the court may at any time correct a clerical error in the record of a judgment and render judgment nunc pro tunc under Rule 316, and may also sign an order declaring a previous judgment or order to be void because signed after the court's plenary power had expired.

Tex. R. Civ. P. 329b(f). However, for the second category, a litigant does not need to comply with the bill-of-review procedures in order to make a direct attack on the judgment. *See McEwen*, 345 S.W.2d at 711. The *McEwen* court noted that if a county court rendered judgment in a suit for divorce or for title to property, these would be examples of judgments rendered by a court without the jurisdictional power to hear or render judgment in the case at all. *See id.* at 709-10. In contrast, where a judgment is void based solely on the lack of service or lack of valid service, such void judgment would fall into the category of judgments that are within the court's jurisdictional power to render and, consequently, that may be directly attacked after the expiration of the trial court's plenary power only by way of a bill of review due to the operation of Rule 329b. *See id.* at 710.

The supreme court revisited the phrase "without jurisdictional power" in *Deen v. Kirk*, 508 S.W.2d 70 (Tex. 1974). According to the supreme court in *Deen*, that phrase means "jurisdiction over the subject matter, the power to hear and determine cases of the general class to which the particular one belongs." 508 S.W.2d at 72. If the type of case is within the district court's jurisdiction, the court is not acting without jurisdictional power. *See Middleton*, 689 S.W.2d at 213-14.

SOS Alliance devotes much of its briefing to the propositions that a judgment rendered in violation of section 74.053(d) is "void," *see In re Union Pac. Res. Co.*, 969 S.W.2d

14

427, 428 (Tex. 1998), and that a void judgment is subject to collateral attack, *see Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985).[6] However, whether the judgment is void for purposes of collateral attack is not relevant to the analysis. A judgment may be void and subject to collateral attack if any one of the following applies to the court rendering the judgment: (1) no jurisdiction of the parties or property, (2) no jurisdiction of the subject matter, (3) no jurisdiction to enter the judgment, or (4) no capacity to act as a court. *See Browning*, 698 S.W.2d at 363. It is true, then, that a judgment rendered without jurisdictional power is a *type* of void judgment that may be subject to a collateral attack. *See id.* Thus, a judgment rendered by a court without jurisdictional power can be set aside both on collateral attack as a void judgment, *see id.*, and on direct attack without complying with the bill-of-review requirements, *see McEwen*, 345 S.W.2d at 709-10. However, the fact that a judgment is "void" tells us nothing about whether it was rendered by a court with or without jurisdictional power as contemplated by *McEwen*. *See T. Brown Constructors*, 947 S.W.2d at 658-59 (holding that district court had subject-matter jurisdiction and yet that judgment void for lack of "jurisdiction to render the particular judgment").

SOS Alliance argues that an objection under government code section 74.053(d), when timely raised by a party and applicable to the sitting judge, results in the assigned judge's being stripped of his ability to hear the case at all, and that a judgment entered by the court while that

---

[6] Appellants contend that the case law holding that a judgment rendered in violation of section 74.053(d) is "void" generally involves the context of a mandamus proceeding, *see, e.g.*, *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998), and that concepts of voidness in that context should not be "uncritically transferred" to the context of a collateral attack. Because we have determined that SOS Alliance makes a direct attack, not a collateral attack, we express no opinion on this issue.

judge is sitting is a judgment made by a court without jurisdictional power. However, appellants argue that SOS Alliance waived its section 74.053(d) objection. Consequently, before reaching the question of whether a timely 74.053(d) objection to a judge's ability to hear a case due to having been defeated in an election can result in the district court being without jurisdictional power to hear the case—in the sense contemplated by the supreme court in *McEwen*—we must address whether SOS Alliance waived any objection to Judge Bender hearing the 2004 lawsuit based on the fact that he had been defeated at the polls. If a section 74.053(d) objection is subject to being waived, and if SOS Alliance waived such an objection here, the 2004 judgment cannot be overturned on direct attack, and we must reverse the district court's order in this suit.

We consider, therefore, whether an objection under government code section 74.053(d) is waivable. Section 74.053 itself requires that an objection be made. *See* Tex. Gov't Code Ann. § 74.053(c) ("An objection under this section must be filed . . . ."), (d) (judge may not sit "if either party objects to the judge"). The Texas Supreme Court has also stated that the mandatory implications of section 74.053(d) only apply on timely objection. *See In re Canales*, 52 S.W.3d 698, 704 (Tex. 2001); *In re Union Pac. Res. Co.*, 969 S.W.2d at 428. Moreover, construing section 74.053(d) to be a waivable objection is consistent with case law distinguishing between constitutional bases for disqualification and statutory bases for recusal. Unlike disqualification of a judge based on a constitutional prohibition, which can be raised at any point in a proceeding, a statutory basis for recusal of a judge can be waived by failing to file a motion to recuse or by failing to assert the claimed error by a point on appeal. *See Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982); *McElwee v. McElwee*, 911 S.W.2d 182, 185-86

16

(Tex. App.—Houston [1st Dist.] 1995, no writ). Consequently, we hold that an objection under government code section 74.053(d) is waivable. *See Chandler v. Chandler*, 991 S.W.2d 367, 383-84 (Tex. App.—El Paso 1999, pet. denied); *Texas Employment Comm'n v. Alvarez*, 915 S.W.2d 161, 165-66 (Tex. App.—Corpus Christi 1996, no writ).[7]

Next, we consider whether SOS Alliance waived its objection under section 74.053(d). SOS Alliance made no reference—in its oral objection at docket call, in its handwritten objection, in its typewritten objection, or in its argument on the objection during pretrial proceedings—to section 74.053(d) or to the question of whether Judge Bender was disqualified because he had been defeated in the last primary or general election for which he was a candidate for the judicial office he held. *See* Tex. Gov't Code Ann. § 74.053(d). Instead, SOS Alliance relied on provisions of the Texas Constitution and argued that such provisions "override" the general section 74.053 restriction that each party is entitled to only one objection under that section. *See id.* § 74.053(b). SOS Alliance argued broadly that it had a right to a judge who is elected in Travis County, not that it had a right to reject a judge who was defeated in his last primary election. In short, SOS Alliance did not make a section 74.053(d) objection. *See Gill v. Texas Dep't of Criminal Justice*, 3 S.W.3d 576, 578-79 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (examining substance of objection to visiting judge and concluding that objection not made under

---

[7] While some case law exists in which a section 74.053 objection has been deemed "jurisdictional," the courts that have so stated also appear to recognize that section 74.053 applies only on timely objection. *See Rosell v. Central W. Motor Stages, Inc.*, 89 S.W.3d 643, 650-51 (Tex. App.—Dallas 2002, pet. denied) ("statutory grounds for recusal . . . can be waived if not raised by proper motion"); *Pena v. Pena*, 986 S.W.2d 696, 700 (Tex. App.—Corpus Christi 1998, pet. denied) (same); *Lone Star Indus., Inc. v. Ater*, 845 S.W.2d 334, 336 (Tex. App.—El Paso 1992, no writ) ("if a timely objection is filed, his recusation is mandatory").

section 74.053); *Alvarez*, 915 S.W.2d at 164 (indicating that assigned judge must be "presented with sufficient information to know that he was the subject of a timely objection under section 74.053").

SOS Alliance refers to the fact that it was not made aware of Judge Bender's assignment until the morning of trial, and suggests that we should, therefore, read more into the substance of its objection than is actually there. Even if we were to take these circumstances into account, however, SOS Alliance was no longer under the same time constraints when it filed its motion for new trial. Such motion refers to "local rules and the Texas Constitution," but not to government code section 74.053(d) or its provision providing for the recusal of a trial judge under certain circumstances.

SOS Alliance also refers to the District counsel's statements to the trial court regarding whether "after years of elected service that Your Honor was voted out of office" and that "[t]here is no further right [to strike a visiting judge] under the statute," and contends that, based on these statements, both the District and the court were aware that SOS Alliance's objection was a section 74.053(d) objection. It is the responsibility of the party making an objection to identify the basis for the objection. *See* Tex. R. App. P. 33.1(a); *PGP Gas Prods., Inc. v. Fariss*, 620 S.W.2d 559, 560 (Tex. 1981) ("The complaint must identify the objectionable matter or event sufficiently for the opposite party to cure any deficiency and for the trial judge to know the nature of the alleged error."). Regardless of the District's arguments regarding SOS Alliance's objection, in making its objections to the assigned judge SOS Alliance never cited section 74.053(d) or referred to its substance, either before or after the District's referencing the statute and the judge's stating his title of "Senior District Judge." *See Daniels v. Yancey*, 175 S.W.3d 889, 892 (Tex. App.—Texarkana

18

2005, no pet.) ("[O]ne party may not use another party's objection to preserve an error where the record does not reflect a timely expression of an intent to adopt the objection."). In construing the nature of SOS Alliance's objection, we consider only the objection actually made to the trial court. *See Wohlfahrt v. Holloway*, 172 S.W.3d 630, 639-40 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("To have preserved error, a party's argument on appeal must comport with its argument in the trial court.").

Moreover, SOS Alliance waived its statutory objection to the assignment of Judge Bender by not asserting the claimed error on any basis by a point on appeal. *See Buckholts Indep. Sch. Dist.*, 632 S.W.2d at 148-49 (holding that statutory grounds for recusal can be waived both by failing to object and by failing to assert error on appeal). On its direct appeal of the 2004 judgment, SOS Alliance did not complain about the trial court's ruling on the objection to Judge Bender at all. Therefore, any objection to the judge by SOS Alliance under government code section 74.053(d) was waived. *See id.* Because SOS Alliance waived its statutory objection, the district court in the 2004 lawsuit was not without jurisdictional power.[8]

---

[8] SOS Alliance also argues that the 2004 judgment is void based on government code sections 74.055 and 74.0551. Section 74.055(c) sets out requirements for a retired or former judge to be eligible for assignment. *See* Tex. Gov't Code Ann. § 74.055(c) (West 2005). SOS Alliance contends that Judge Bender failed to satisfy subsections (1) and (6) of section 74.055(c) based on a failure to comply with section 74.0551, which provides that the "initial certification made after the judge leaves active service extends through December 31 of the year following the year in which the certification is made." *See id.* § 74.0551(b) (West 2005). The parties stipulated that Judge Bender retired on December 31, 1998. The record in the 2008 lawsuit contains a certification executed by Judge Bender on January 4, 1999, containing an expiration date of December 31, 1999—twelve months earlier than contemplated by section 74.0551. However, SOS Alliance's arguments regarding the judge's initial certification fail for the same reasons as its arguments under section 74.053(d). SOS Alliance failed to exercise due diligence and, therefore, cannot obtain relief by bill of review. SOS Alliance also failed to raise sections 74.055 or 74.0551 at any point during the 2004 lawsuit and, therefore, waived any objection under those sections.

19

*Conclusion*

SOS Alliance asserts a direct attack on the 2004 judgment after the time limits for direct appeal have expired. We conclude that SOS Alliance cannot obtain relief via bill of review because it failed to exercise due diligence in pursuing all adequate legal remedies after the challenged judgment was entered, and cannot obtain relief based on the district court in the 2004 lawsuit being without jurisdictional power because it waived its objection to the assigned judge. Consequently, we reverse the judgment of the district court in this lawsuit and render judgment denying all relief sought by SOS Alliance.

 

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Reversed and Rendered

Filed: October 30, 2009

20