TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00107-CV






Peyton Yates Freiman, Appellant


v.


Aames Capital Corporation, Appellee






FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY

NO. C-1-CV-09-008510, HONORABLE ERIC M. SHEPPERD, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Peyton Yates Freiman appeals an order dismissing his cause of action. Aames Capital
Corporation ("ACC") filed a forcible-detainer action in justice of the peace court to take possession
of real property owned by Freiman. Freiman alleges that he did not learn of the forcible-detainer
action until after the presiding justice, who had been appointed for a temporary term, see Tex. Gov't
Code Ann. § 27.055 (West Supp. 2010), entered a default judgment in ACC's favor. Freiman
subsequently "intervened" in the action and sought to appeal the judgment. The justice ordered
Freiman to post the requisite appeal bond, see Tex. R. Civ. P. 749, and Freiman filed a pauper's
affidavit stating that he could not afford to do so. See id. R. 749a. The justice disapproved
Freiman's pauper's affidavit. See id. Freiman attempted to appeal that disapproval to the county
court at law. See id. The county court at law held a hearing at which Freiman admitted he had not
served notice of his appeal on ACC in compliance with Texas Rule of Civil Procedure 21.
Accordingly, the judge terminated the hearing and told Freiman that he could reset the hearing after
complying with Rule 21.

 Months passed without Freiman resetting the hearing. ACC eventually moved to
dismiss Freiman's appeal. Freiman moved for a continuance, alleging that he had been unable to
reset the hearing because he had been out of the State. The court held a hearing on ACC's and
Freiman's motions. Freiman did not attend. The court subsequently denied Freiman's motion for
a continuance and granted ACC's motion to dismiss. Freiman then filed this appeal.

 Freiman raises a single issue: he argues that the justice of the peace who ruled in
ACC's favor was not statutorily qualified to sit, so all orders issued in this case are void. We hold
that Freiman has waived this argument. He did not make the argument in the county court at law. 
See Tex. R. App. P. 33.1(a) (as prerequisite to presenting complaint for appellate review, appellant
must raise complaint in trial court); Sweetwater Austin Props., L.L.C. v. SOS Alliance, Inc.,
299 S.W.3d 879, 890 (Tex. App.--Austin 2009, pet. denied) (statutory basis for recusal of judge can
be waived by failing to assert it as point of error). (1) Nor does he support the argument with apposite
authorities. See Fredonia State Bank v. General Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994)
(appellate court has discretion to waive point of error due to inadequate briefing). (2)

 Inexplicably, Freiman does not argue that the county court at law should not have
dismissed his appeal. Instead, he bases his brief entirely on the argument that the justice of the peace
who entered judgment against him was statutorily disqualified from sitting. Even if Freiman is right
about that matter--indeed, even if the justice's statutory disqualification prejudiced Freiman
egregiously--Freiman could have rendered it completely moot by complying with the rules of civil
procedure and obtaining a trial de novo in the county court at law. See Tex. R. Civ. P. 749a. Having
failed to avail himself of that right, he cannot complain for the first time in this court. We affirm the
order dismissing the cause.


 __________________________________________

 David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: August 11, 2011

 
1. Freiman claims that whether the justice was statutorily disqualified from sitting is an issue
that affects the subject-matter jurisdiction of the lower courts, so he can raise it for the first time on
appeal. We disagree. See Sweetwater Austin Props., L.L.C. v. SOS Alliance, Inc., 299 S.W.3d 879,
889-90 (Tex. App.--Austin 2009, pet. denied) (statutory qualifications of judges do not implicate
subject-matter jurisdiction).
2. Freiman does cite two cases, but neither actually relates to the issue at hand. See Denmon
v. Atlas Leasing, L.L.C., 285 S.W.3d 591 (Tex. App.--Dallas 2009, no pet.); York Division,
Borg-Warner Corp. v. Security Sav. & Loan Ass'n, 485 S.W.2d 327 (Tex. Civ. App.--Houston [1st
Dist.] 1972, writ ref'd n.r.e.).