# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-10-00107-CV

Peyton Yates Freiman, Appellant

v.

Aames Capital Corporation, Appellee

FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
NO. C-1-CV-09-008510, HONORABLE ERIC M. SHEPPERD, JUDGE PRESIDING

# MEMORANDUM OPINION

Peyton Yates Freiman appeals an order dismissing his cause of action. Aames Capital Corporation ("ACC") filed a forcible-detainer action in justice of the peace court to take possession of real property owned by Freiman. Freiman alleges that he did not learn of the forcible-detainer action until after the presiding justice, who had been appointed for a temporary term, *see* Tex. Gov't Code Ann. § 27.055 (West Supp. 2010), entered a default judgment in ACC's favor. Freiman subsequently "intervened" in the action and sought to appeal the judgment. The justice ordered Freiman to post the requisite appeal bond, *see* Tex. R. Civ. P. 749, and Freiman filed a pauper's affidavit stating that he could not afford to do so. *See id*. R. 749a. The justice disapproved Freiman's pauper's affidavit. *See id*. Freiman attempted to appeal that disapproval to the county court at law. *See id*. The county court at law held a hearing at which Freiman admitted he had not served notice of his appeal on ACC in compliance with Texas Rule of Civil Procedure 21.

Accordingly, the judge terminated the hearing and told Freiman that he could reset the hearing after complying with Rule 21.

Months passed without Freiman resetting the hearing. ACC eventually moved to dismiss Freiman's appeal. Freiman moved for a continuance, alleging that he had been unable to reset the hearing because he had been out of the State. The court held a hearing on ACC's and Freiman's motions. Freiman did not attend. The court subsequently denied Freiman's motion for a continuance and granted ACC's motion to dismiss. Freiman then filed this appeal.

Freiman raises a single issue: he argues that the justice of the peace who ruled in ACC's favor was not statutorily qualified to sit, so all orders issued in this case are void. We hold that Freiman has waived this argument. He did not make the argument in the county court at law. *See* Tex. R. App. P. 33.1(a) (as prerequisite to presenting complaint for appellate review, appellant must raise complaint in trial court); *Sweetwater Austin Props., L.L.C. v. SOS Alliance, Inc.*, 299 S.W.3d 879, 890 (Tex. App.—Austin 2009, pet. denied) (statutory basis for recusal of judge can be waived by failing to assert it as point of error).[1] Nor does he support the argument with apposite authorities. *See Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (appellate court has discretion to waive point of error due to inadequate briefing).[2]

---

[1] Freiman claims that whether the justice was statutorily disqualified from sitting is an issue that affects the subject-matter jurisdiction of the lower courts, so he can raise it for the first time on appeal. We disagree. *See Sweetwater Austin Props., L.L.C. v. SOS Alliance, Inc.*, 299 S.W.3d 879, 889-90 (Tex. App.—Austin 2009, pet. denied) (statutory qualifications of judges do not implicate subject-matter jurisdiction).

[2] Freiman does cite two cases, but neither actually relates to the issue at hand. *See Denmon v. Atlas Leasing, L.L.C.*, 285 S.W.3d 591 (Tex. App.—Dallas 2009, no pet.); *York Division, Borg-Warner Corp. v. Security Sav. & Loan Ass'n*, 485 S.W.2d 327 (Tex. Civ. App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.).

Inexplicably, Freiman does not argue that the county court at law should not have dismissed his appeal. Instead, he bases his brief entirely on the argument that the justice of the peace who entered judgment against him was statutorily disqualified from sitting. Even if Freiman is right about that matter—indeed, even if the justice's statutory disqualification prejudiced Freiman egregiously—Freiman could have rendered it completely moot by complying with the rules of civil procedure and obtaining a trial de novo in the county court at law. *See* Tex. R. Civ. P. 749a. Having failed to avail himself of that right, he cannot complain for the first time in this court. We affirm the order dismissing the cause.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:   August 11, 2011